**STATE of Tennessee, Appellee,**

v.

**Edward Frank HENRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 20, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Edward Henry, Clifton, pro se.

Charles Burson, Attorney General and Reporter, Lisa Naylor, Assistant Attorney General, Nashville, Dan Alsobrooks, District Attorney General, James Kirby, Assistant District Attorney General, Ashland City, for Appellee.

**OPINION**

RILEY, Judge.

The defendant appeals from the denial of pretrial jail credits. In his original sentencing hearing, Henry received two consecutive twenty-year sentences for two counts of aggravated rape. On appeal, the Supreme Court reversed the consecutive sentences

and ordered the sentences to run concurrently. *State v. Henry*, 834 S.W.2d 273 (Tenn. 1992). Henry then experienced problems with the Department of Correction (DOC) regarding the calculation of his pretrial jail credits. Apparently at the request of DOC, Henry filed a motion with the trial court to amend the judgments so as to reflect equal pretrial jail credit on each count. The trial court concluded that he was entitled to pretrial jail credit only as to one case. The state maintains that pretrial jail credit for both cases gives Henry a double credit. We remand for further findings.

## I.

■ When an accused is taken into custody by the state, Tennessee is required to credit the sentence with the time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried. T.C.A. § 40–23–101(b). The awarding of these credits is mandatory. *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150 (1965).

In the event of an appeal to the Supreme Court, that court may modify the original sentence to allow a reduction for the time spent in jail pending appeal. T.C.A § 40–23–101(c). A certified copy of such an order is to be forwarded by the Clerk of the Supreme Court to the warden of the state penitentiary. T.C.A. § 40–23–101(d).

## II.

Unfortunately, the record before us is lacking. The orders of the trial court simply state that Henry is entitled to pretrial jail credits on only one case; otherwise, he would be receiving "double credit."

■ The state contends the sentencing court did not have jurisdiction to entertain Henry's request for pretrial jail credit. Generally, once an inmate is in the custody of DOC, the proper avenue to address sentence reduction credits is through the Administrative Procedures Act (APA), T.C.A. § 4–5–101 et seq. *See also State v. Lyons*, 1996 WL 337343, C.C.A. No. 01C01–9506–CC–00198 (Tenn.Crim.App. filed June 20, 1996, in Nashville); *Vaughn v. State*, 1994 WL 53845, C.C.A. No. 01C01–9308–CR–00258 (Tenn. Crim.App. filed February 24, 1994, in Nashville); *Kirby v. State*, 1994 WL 449078, C.C.A. No. 03C01–9309–CR–00303 (Tenn. Crim.App. filed August 22, 1994, in Knoxville).

However, the facts of the instant case are unique. Unlike *Lyons*, *Vaughn* and *Kirby*, Henry's consecutive sentences were reversed on appeal. Apparently, amended judgments were not entered in the trial court. When it appeared he was not receiving proper pretrial jail credit, Henry was told by DOC to address the issue to the trial court. Upon doing so, the trial court formally denied the requested credits. Henry then timely perfected his appeal to this court.

■ Our court has recognized unique circumstances which authorize the trial court to entertain requests for declaration of proper sentence credits. *See Finlaw v. Anderson County Jail*, 1993 WL 310312, C.C.A. No. 03C01–9212–CR–0048 (Tenn.Crim.App. filed August 13, 1993, in Knoxville);*State v. Oliver*, 1993 WL 152408, C.C.A. No. 03C01–9212–CR–00447 (Tenn.Crim.App. filed May 11, 1993, in Knoxville). The instant case calls for similar relief. After a reversal and remand from an appellate court, the trial court is certainly in the best position to calculate pretrial jail credits. Upon the trial court calculating such credits and entering an amended judgment or order, a party may seek appellate relief. It would be inappropriate to suggest that such an amended judgment or order must be submitted to DOC and then Henry attack such an order in the Chancery Court pursuant to the APA.

Under these facts and circumstances we find the issue of pretrial jail credits was properly before the trial court and is properly before this court on appeal.

## III.

■ Having concluded the trial court properly entertained the request for pretrial jail credits, the issue remains as to whether the denial of any pretrial jail credit on the second charge is justified. The dispositive issue is whether Henry was committed and

held in pretrial custody on both charges at the same time. We are unable to make this determination based on the record before us. The state erroneously contends Henry is not entitled to jail credit on both cases if he was incarcerated at the same time on both cases. To allow pretrial jail credit in only one case would contravene the concurrent sentences and effectively require Henry to serve a longer sentence on the second charge. However, if Henry were incarcerated on the first offense and later separately charged for the second offense, then he can receive pretrial jail credit on the second offense only from the time of that charge.

Since we are unable to determine from the record whether both offenses had been charged at the time of Henry's pretrial incarceration, the trial court must make this determination. The second judgment shall be amended to allow appropriate pretrial jail credits if this is the case. Otherwise, the trial court shall file an order specifying the applicable incarceration dates and the reasons for denial.

The case is REMANDED for further proceedings consistent with this opinion.

PEAY and WELLES, JJ., concur.