# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 2000 Session

## STATE OF TENNESSEE v. STEPHEN MULLICAN

**Appeal from the Circuit Court for Warren County**
**No. F-7309     Charles D. Haston, Judge**

---

**No. M2000-207-CCA-R3-CD - Filed September 8, 2000**

---

The appellant, Stephen Mullican, appeals the Warren County Circuit Court's denial of his motion for the correction or reduction of his two-year sentence of incarceration imposed pursuant to his conviction of reckless endangerment. The appellant asserts that the trial court erroneously refused to apply pretrial jail credits to the appellant's sentence pursuant to Tenn. Code Ann. § 40-23-101 (1997). Following a review of the record and the parties' briefs, we vacate the judgment of the trial court and dismiss the instant appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Vacated and Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

L. Scott Grissom, McMinnville, Tennessee, for the appellant, Stephen Mullican.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, and Tom P. Thompson, District Attorney General Pro Tem, for the appellee, State of Tennessee.

## OPINION

On February 19, 1999, while incarcerated in the Tennessee Department of Correction, the appellant, Stephen Mullican, filed a "Motion for Correction or Reduction of Sentence" in the Warren County Circuit Court, asking that the trial court apply pretrial jail credits to a two-year sentence imposed pursuant to his 1997 conviction of reckless endangerment. The trial court denied the appellant's motion on September 23, 1999, and the appellant now appeals, asserting that Tenn. Code Ann. § 40-23-101(c) (1997) requires the application of the disputed credits. Because we conclude that the trial court was without jurisdiction to entertain the appellant's motion for pretrial jail credits, we vacate the trial court's September 23, 1999 order and dismiss this appeal.

### I. Factual Background

On April 23, 1997, the appellant pled guilty in the Warren County Circuit Court to various offenses committed during a single criminal episode, including one count of burglary, one count of theft of property worth more than one thousand dollars ($1,000), one count of reckless endangerment, and one count of driving on a revoked license, second offense. On the day of the appellant's pleas, the trial court sentenced the appellant for his offenses and entered the judgments of conviction. Specifically, the trial court imposed sentences of six years incarceration in the Tennessee Department of Correction for the offense of burglary, six years incarceration in the Department for the offense of theft, two years incarceration in the Department for the offense of reckless endangerment, and eleven months and twenty-nine days incarceration in the county jail for the offense of driving on a revoked license. The court ordered that the appellant serve his sentences for burglary, theft, and driving on a revoked license concurrently and that he serve his sentence for reckless endangerment consecutively to his concurrent sentences. Moreover, the trial court applied 265 days of pretrial jail credit to each of the appellant's concurrent sentences. In his February 19, 1999 motion and in this appeal, the appellant contends that Tenn. Code Ann. § 40-23-101(c) requires application of the 265 days of pretrial jail credit to his consecutive sentence as well as his concurrent sentences.

## II. Analysis

As noted above, the disposition of this appeal turns on an issue raised by neither the appellant nor the State, namely the trial court's lack of jurisdiction to entertain the appellant's motion for pretrial jail credits. It is apparent from the record before this court that, at the time of the appellant's motion, the appellant's judgment of conviction had long since become final, and the appellant had long since been placed in the custody of the Tennessee Department of Correction. This court has held on numerous occasions that, barring "unique" circumstances, once a judgment of conviction has become final and "an inmate is in the custody of [the Department of Correction], the proper avenue to address sentence reduction credits[, including pretrial jail credits,] is through the [Uniform Administrative Procedures Act] . . . ." State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997); Tenn. Code Ann. §§ 4-5-101 to -325 (1998). See also State v. Cavitt, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2 (Tenn. Crim. App. at Knoxville, July 13, 2000); Hull v. State, No. 02C01-9605-CC-00183, 1997 WL 346215, at *1 n.4 (Tenn. Crim. App. at Jackson, June 24, 1997); Fuller v. State, No. 02C01-9603-CR-00075, 1997 WL 206772, at **1-2 (Tenn. Crim. App. at Jackson, April 28, 1997); Kirby v. State, No. 03C01-9309-CR-00303, 1994 WL 449078, at *1 (Tenn. Crim. App. at Knoxville, August 22, 1994); Vaugn v. State, No. 01C01-9308-CR-00258, 1994 WL 53845, at *1 (Tenn. Crim. App. at Nashville, February 24, 1994); Finlaw v. Anderson County Jail, No. 03C01-9212-CR-0048, 1993 WL 310312, at *2 (Tenn. Crim. App. at Knoxville, August 13, 1993); State v. Brewster, No. 01C01-9006-CR-00143, 1990 WL 209192, at *1 (Tenn. Crim. App. at Nashville, December 20, 1990). The "unique" circumstances contemplated by our prior decisions do not appear to be present in the instant case. See, e.g., Henry, 946 S.W.2d at 834; Cavitt, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2; Finlaw, No. 03C01-9212-CR-0048, 1993 WL 310312, at *2.

## III. Conclusion

For the foregoing reasons, we vacate the order of the trial court denying the appellant's motion, and we dismiss this appeal.

_____
NORMA McGEE OGLE, JUDGE