**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

October 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

KERRY D. LOVETT,        )
                            )   C.C.A. NO. 01C01-9907-CC-00249
     Appellant,        )   (No. 12030-12254 Below)
                            )
VS.                    )   CHEATHAM COUNTY
                            )
                            )   The Hon. Robert E. Burch
**STATE OF TENNESSEE,**   )
                            )   (Dismissal of Petition for Jail Credits)
     Appellee.        )
                            )   AFFIRMED PURSUANT TO RULE 20

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion. Upon reviewing the record, the appellant's brief, the state's motion, and the appellant's reply, we find that it is an appropriate matter for affirmance under Rule 20.

From the record, it appears that the appellant filed a motion to receive jail credits on January 21, 1999. Thereafter, on June 15, 1999, the trial court dismissed the motion for lack of jurisdiction. Later, on August 18, 1999, the trial court entered an order giving the appellant credit for time served in jail prior to and after the judgments were entered. On appeal, the petitioner contends that he is entitled to "two for one" credits and "behavioral credits." See T.C.A. §§ 41-2-123 and 41-21-236(e).

As a general rule, once a prisoner is in the custody of the Tennessee Department of Correction, the proper avenue by which to address sentence reduction credits, including pre-trial jail credits, is through the Administrative Procedures Act. See T.C.A. § 4-5-101, et seq. see also, Russell Kirby v. State, No. 03C01-9309-CR-00303, (Tenn. Crim. App., at Knoxville, Aug. 22, 1994). This Court has recognized that where both the state and the petitioner are in agreement that the petitioner is entitled to the credits, the trial court's order granting the credits does not require reversal. See Matthew P. Finlaw v. Anderson County Jail, No. 03C01-9212-CR-00448 (Tenn. Crim. App., at Knoxville, Aug. 13, 1993). See also, State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (Held that where case reversed and remanded, trial court in best position to calculate pre-trial credits). Under the circumstances of the present case, the appropriate avenue for the appellant is through the Administrative Procedures Act. See State v. James Alphonso

<u>Vaughn</u>, No. 01C01-9308-CR-00258 (Tenn. Crim. App., at Nashville, Feb. 24, 1994).


IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed.  It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.


_____
JOHN H. PEAY, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE