IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2002

## PATRICK E. SIMPSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2259      Steve R. Dozier, Judge**

---

**No. M2001-02021-CCA-R3-CO - Filed March 22, 2001**

---

The petitioner originally pled guilty, pursuant to a negotiated plea agreement, to two counts of aggravated assault for agreed sentences of three years on each count, to run concurrently with each other but consecutively to a parole violation. The petitioner over two years later filed a "Petition for Review of Sentence" with the trial court alleging the judgment form omitted mention of the agreed upon pretrial jail credits. The trial court dismissed the petition finding it was without jurisdiction since the petitioner was "serving his sentence with TDOC for his parole violation." The petitioner challenges this ruling in this appeal, and additionally alleges he is serving his sentence in the Department of Correction, rather than at the Davidson County Workhouse, in contravention of his written plea agreement. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Patrick E. Simpson, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### A. Procedural History

The petitioner was originally convicted on three counts of armed robbery and malicious shooting for events occurring on February 5, 1977, for which he received a lengthy sentence. After his release and while on parole, he was arrested and indicted for two counts of attempted first degree murder for events occurring on February 28, 1998. The petitioner pled guilty on January 6, 1999,

pursuant to a negotiated plea agreement, to two counts of aggravated assault for agreed concurrent sentences of three years for each count to run consecutively to his parole violation.

According to the trial court's order, petitioner earlier filed a "motion to correct judgment to receive jail credits" on December 5, 2000. The motion was dismissed by the trial court for lack of jurisdiction. Petitioner's appeal to this court was dismissed as untimely; however, this court noted that petitioner should seek relief through the Administrative Procedures Act pursuant to Tennessee Code Annotated sections 4-5-101 *et seq.* State v. Patrick E. Simpson, No. M2000-03229-CCA-R3-CD (Tenn. Crim. App. Feb. 7, 2001, at Nashville) (order dismissing appeal). This court further denied the petition to rehear but noted petitioner, having been sentenced to the county workhouse, might still be able to seek relief in the trial court pursuant to Tennessee Code Annotated section 40-35-114(c). State v. Patrick Simpson, No. M2000-03229-CCA-R3-CD (Tenn. Crim. App. Feb. 28, 2001, at Nashville) (order denying petition to rehear). This statute grants the trial court full jurisdiction over a person serving a sentence in the county jail or workhouse. However, this court very probably was unaware that the petitioner was not actually confined in the county workhouse, but instead was incarcerated in a Department of Correction facility. Apparently based upon this court's suggestion, petitioner filed the present petition on March 15, 2001.

It appears, as we have gathered from the record, that the petitioner at the time of filing the present petition was incarcerated in a Department of Correction facility in Wayne County. The trial court dismissed the petition for lack of jurisdiction. The record is sparse but does contain an executed plea agreement form; it states petitioner agreed to plead guilty to two counts of aggravated assault for concurrent three-year sentences. Additionally, it states he is to receive "credit for time served." The petitioner's judgment form indicates he was to serve his concurrent three-year sentences in the county workhouse "consecutive to [his] parole violation;" it listed no pretrial jail credits.

## B.  Place of Confinement

Petitioner contends he is currently serving his concurrent three-year-sentences in a Department of Correction facility rather than in the county workhouse, which is in contravention of his plea agreement. On appeal, he contends the trial court erred in "fail[ing] to enter an appropriate order sentencing the Appellant to the Davidson County Workhouse pursuant to a court approved Plea Agreement." Initially, we note this issue was not presented to the trial court; however, we will address it.

It is undisputed that the judgment form reflects that the three-year concurrent sentences are to be served in the county workhouse, not the Tennessee Department of Correction. In the event petitioner is correct in alleging he has fully served his parole revocation sentence in the Department of Correction and has now begun serving the three-year sentence, he is still not entitled to relief in the Davidson County trial court. The trial court did not err in failing to issue another order reflecting that the place of confinement is the county workhouse; the judgment already contained this information. Assuming petitioner has not been released on parole and is presently confined in a

Department of Correction facility serving the three-year sentence, it may well be that he can seek habeas corpus relief in the county of his confinement. *See* Tenn. Code Ann. § 29-21-105. Petitioner is apparently confined in a Department of Correction facility in Clifton, Wayne County, Tennessee. We voice no opinion as to the likelihood of success of a habeas corpus petition.

## C. Pretrial Jail Credits

Petitioner contends the trial court erroneously neglected to award him pretrial jail credits as specified in the plea agreement. The written plea of guilty provided that the petitioner would receive "credit for time served." The judgment form provides for no pretrial jail credits.

Generally, a motion to correct the denial of pretrial jail credits, filed after the judgment has become final and after the trial court has lost jurisdiction, is unavailing. Cox v. State, 53 S.W.2d 287, 292-93 (Tenn. Crim. App. 2001) (citations omitted). Further, there is no appeal "as a matter of right" from such a motion. *Id*. at 293. The trial court does retain jurisdiction to modify a sentence, however, during the time the defendant is incarcerated in the local jail or workhouse or is awaiting transfer to the Department of Correction. *See* Tenn. Code Ann. §§ 40-35-212(c), -314(c). In the instant case the judgments had become final long before the filing of the instant petition, and, for whatever reason, the petitioner was not confined in the county jail or county workhouse. Thus, under these general rules, the trial court would not have jurisdiction to modify the judgment.

However, if such a motion can be viewed as a timely filed motion to reduce sentence pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure, or as a motion to correct "[c]lerical mistakes" in a judgment pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, the trial court has jurisdiction to rule upon such requests. Cox, 53 S.W.3d at 292. Clearly, petitioner is entitled to no relief under Rule 35(b) because the present petition was filed more than 120 days after the sentence was imposed. Nevertheless, as the state concedes, this petition could be viewed as one seeking relief from a clerical mistake, which may be filed "at any time." Tenn. R. Crim. P. 36; State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

Even if the petition should be considered as a Rule 36 motion, the question remains whether this matter is the proper subject of a Rule 3 appeal as of right. *See* Tenn. R. App. P. 3(b). An appeal from the denial of a Rule 36 motion is not listed among those matters appealable as a matter of right. *See* Tenn. R. App. P. 3(b); Ronald Gary Deville v. State, No. 01C01-9105-CC-00155, 1991 WL 202435, at *1 (Tenn. Crim. App. Oct. 11, 1991, at Nashville). However, the common law writ of *certiorari* may on rare occasions be granted to review sentencing infirmities not otherwise appealable. Cox, 53 S.W.3d at 294. We will now determine if this is one of those rare occasions allowing review by *certiorari*, even if we assume this to be a Rule 36 motion.

The common law writ of *certiorari* is limited to addressing an inferior tribunal's "exceed[ing] its jurisdiction" or acting "illegally," when there is "no other plain, speedy or adequate remedy." Tenn. Code Ann. § 27-8-101; Cox, 53 S.W.3d at 294. In this instance we are unable to conclude the trial court exceeded its jurisdiction or acted illegally. Furthermore, petitioner has an

adequate remedy through the Uniform Administrative Procedures Act. *See* Tenn. Code Ann. § 4-5-101 *et seq*.

We do not believe this is one of the "unique circumstances" where the trial court is in the best position to calculate pretrial jail credits. *See* State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). The documentation in the record indicates that the parole board on June 10, 1999, some five months after the guilty plea to the current charges, revoked parole and ruled the petitioner would begin serving the new three-year sentence on January 6, 2001. *See* Tenn. Code Ann. § 40-28-123(a). The document also noted the parole violation warrant was served April 2, 1998. It is probable the parole board credited and/or allocated all time from April 2, 1998, to January 6, 2001, toward the parole revocation. If so, the time between the petitioner's arrest on the subject charges while he was in custody and April 2, 1998, have not been credited. Clearly, petitioner is not entitled to double credits; however, he is entitled to credit on one sentence or the other for all the time he was in custody.

Nevertheless, we are unable to make these determinations from the record. It further appears the crucial issue involving jail credits revolves around the parole board's actions months after entry of the guilty plea. Accordingly, we are unable to conclude the trial court is in the best position to determine proper credits. Thus, there is no basis for *certiorari* relief. Petitioner should seek relief through the Administrative Procedures Act.

For these reasons, we conclude this matter is not properly before this court and dismiss the appeal.

---
JOE G. RILEY, JUDGE