IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## CHARLES MULLINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 9679    Robert L. Holloway, Jr., Judge**

---

**No. M2004-00722-CCA-R3-CD - Filed October 26, 2004**

---

The Appellant, Charles Mullins, proceeding *pro se*, appeals the Maury County Circuit Court's summary dismissal of his motion to correct an illegal sentence. On appeal, Mullins argues that his effective thirty-two-year sentence for two counts of aggravated sexual battery is illegal because (1) the judgment forms provide for an improper release eligibility date and (2) the trial court failed to award pretrial jail credits on the judgment forms. Finding merit to the Appellant's contentions, we remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Charles Mullins, *Pro Se*, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General; Mike Bottoms, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

A Maury County grand jury charged the Appellant with three counts of aggravated sexual battery, all alleging the victims were less than 13 years of age. *See* Tenn. Code Ann. § 39-13-504(a)(4) (2003). In count one, the Appellant was accused of the aggravated sexual battery of K.B.,[1] a child less than 13 years of age, between August and September of 1995. In count two, the Appellant was accused of the aggravated sexual battery of T.S., a child less than 13 years of age,

---

[1]In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials. *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

between August and September of 1995. In count three, the Appellant was accused of the aggravated sexual battery of E.C., a child less than 13 years of age, on November 16, 1995.

As a result of a three-day jury trial, the Appellant was found guilty in counts one and three of the aggravated sexual battery of K.B. and E.C. *State v. Charles D. Mullins*, No. 01C01-9709-CC-00388 (Tenn. Crim. App. at Nashville, Apr. 21, 1999). In count two, the Appellant was found not guilty as to the child, T.S. *Id.* Following a sentencing hearing, the trial court imposed consecutive sixteen-year sentences. The judgment forms indicate that the Appellant was sentenced as a Range II offender with handwritten notations that service of the total sentence is at 85%.[2] The Appellant's convictions and sentences were affirmed by this court on direct appeal. *Id.* No permission to appeal was filed.

On February 23, 2004, the Appellant filed a "Motion to Correct Illegal sentence," alleging that his sentences were illegal because (1) an improper release eligibility date was noted on the judgment forms and (2) the judgment forms did not reflect his pretrial jail credits. On February 25, 2004, the trial court summarily dismissed the motion without a hearing. In dismissing the motion, the trial court concluded:

> Mr. Mullins avers that the sentence imposed by Judge William B. Cain on January 22, 1997, was an illegal sentence, because Mr. Mullins was found to be a Range II offender under the Sentence Reform Act of 1989, but was ordered to serve eighty-five (85%) of his sentence, rather than the standard thirty-five (35%) for Range II offenders. Mr. Mullins also avers that the Judgements do not reflect jail credits.
>
> Mr. Mullins was convicted by a jury of two (2) counts of aggravated sexual battery (Tenn. Code Ann. § 39-13-504). Mr. Mullins was sentenced to sixteen (16) years on each count, and the sentences were run consecutively. The total effective sentence was thirty-two (32) years at eighty-five (85%).
>
> Tenn. Code Ann. § 40-35-501 states:
>
> "(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in section (i)(2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by section 41-21-236 shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

---

[2] Rule 17 of the Tennessee Rules of the Supreme Court provides for the use of a uniform judgment document. The document appended to this rule contains a category for violent offenders, which indicates that service of the sentence is at 100%. However, such a category was not provided for on the judgment forms used in the present case.

(2) The offenses to which the provisions of subsection (i)(1) apply are:

. . . (H) aggravated sexual battery. . . ."

The date of the offense shown on the Judgments in Case No. 9679 was November 16, 1995, in Count 1, and August/September, 1995 in Count 3. Both offense dates were after July 1, 1995, the effective date set forth in the code section cited above. The judgment forms provide for the maximum sentence credits, fifteen percent (15%).

This timely appeal followed.

## ANALYSIS

As an initial matter, we note that the Appellant seeks to appeal as of right from the trial court's order dismissing his motion for correction of an illegal sentence. However, as pointed out by the State, Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence. Tenn. R. App. P. 3(b); *see also State v. Cox*, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001). The proper method for a defendant to attack an illegal or void sentence is through a petition for habeas corpus relief, the denial of which by a trial court can be directly appealed to this court. Tenn. Code Ann. § 29-21-127(a) (2000); Tenn. R. App. P. 3(b); *Cox v. State*, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001). The Appellant has failed to follow the statutory procedures for filing a petition for habeas corpus relief, and we will not treat his appeal as such. In rare circumstances, when a Rule 3 appeal is not available to a defendant, this court may treat an appeal as a petition for writ of certiorari. Tenn. Code Ann. § 27-8-101 (2000); *Cox*, 53 S.W.3d at 294. The writ of certiorari should be granted where the trial court exceeded the jurisdiction conferred or was acting illegally and, when in the judgment of the court, there is no other plain, speedy, or adequate remedy. Tenn. Code Ann. § 27-8-101; *Cox*, 53 S.W.3d at 294. In the present case, we believe that it is in the interest of justice and judicial economy to consider this appeal as a petition for writ of certiorari and to deal with the petition on the merits.

## I.      Release Eligibility Date

First, the Appellant contends that:

After Appellant was tried and convicted and the judgment's [sic] had been entered, that someone changed his sentence structure and stated the sentence was to be served at 85% rather than the 35% ordered by the trial court originally.

The Appellant was convicted of two counts of aggravated sexual battery, one count occurring between August and September of 1995 and the other count occurring on November 16, 1995. The Tennessee Criminal Sentencing Reform Act of 1989 specifically provides:

(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized . . . shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

(2) The offenses to which the provisions of subdivision (1) apply are:

. . .

(H) *Aggravated Sexual Battery. . . .*

Tenn. Code Ann. § 40-35-501(i)(1), (2)(H) (2003) (emphasis added). Regardless of whether the trial court sentenced the Appellant to serve 35% or 85% of his sentences before becoming eligible for parole, Tennessee Code Annotated section 40-35-501(i)(1) and (2) mandates that 100% of the sentence imposed for aggravated sexual battery be served in confinement. *Barry Dunham v. State*, No. M2000-02557-CCA-R3-CD (Tenn. Crim. App. at Nashville, Feb. 11, 2002); *State v. Howard Buchanan*, No. M2000-00878-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 16, 2001), *perm. to appeal denied*, (Tenn. 2001). A sentence imposed in direct contravention of a statute is illegal. *Barry Dunham*, No. M2000-02557-CCA-R3-CD (quotation omitted); *see also State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). "As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." *Burkhart*, 566 S.W.2d at 873 (citation omitted). In this case, the Appellant's convictions resulted from jury verdicts. The trial judge "had both the power, and the duty, to correct the judgment . . . as soon as its illegality was brought to his attention." *Id.* Accordingly, we remand this case for correction of the judgment forms to reflect that the Appellant is sentenced in each count as a 100% violent offender pursuant to Tennessee Code Annotated section 40-35-501(i).

## II.     Pretrial Jail Credits

Next, the Appellant argues that:

When an official judgment is entered by a court in a criminal case, it is required that all judgments reflect all applicable jail days/credits and or applicable behavior credits. See T.C.A. § 40-23-101(d). This was not complied with in the case at bar.

Generally, once an inmate is in the custody of the Department of Correction (DOC), the proper avenue to address sentence reduction credits is through the Administrative Procedures Act, Tennessee Code Annotated sections 4-5-101 to 325 (1998). *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). Our court has recognized unique circumstances which authorize the trial court to entertain requests for declaration of proper sentence credits. *Id*. (citing *Matthew P. Finlaw v. Anderson County Jail*, No. 03C01-9212-CR-00448 (Tenn. Crim. App. at Knoxville, Aug. 13,

1993); *State v. Christopher Oliver*, No. 03C01-9212-CR-00447 (Tenn. Crim. App. at Knoxville, May 11, 1993)). The instant case calls for similar relief.

Pursuant to Tennessee Code Annotated section 40-23-101(c) (2003), the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. Tennessee Code Annotated section 40-23-101(c) provides that:

> The trial court shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served . . . subsequent to any conviction[.]

As our supreme court has said, the awarding of such jail credit is mandatory. *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965). Moreover, the DOC may not alter the judgment of the trial court in any respect. *Burkhart*, 566 S.W.2d at 873.

In dismissing the Appellant's motion, the trial court stated, "The judgment forms provide for the maximum sentence credits, fifteen percent (15%)." This conclusion is in direct contravention of our sentencing statutes. The Appellant is to be sentenced as a 100% violent offender pursuant to Tennessee Code Annotated section 40-35-501(i)(1), (2)(H), and the power to reduce the Appellant's sentence by 15% lies with the DOC, not the trial court. Moreover, any award of credits by the DOC to the Appellant after he is incarcerated does not circumvent his entitlement to pretrial jail credits in accordance with Tennessee Code Annotated section 40-23-101(c).[3]

We have previously concluded that the judgment forms provide for an improper release eligibility date and remanded the case for entry of corrected judgment forms. After a reversal and remand from an appellate court, the trial court is certainly in the best position to calculate pretrial jail credits. *Henry*, 946 S.W.2d at 834. Therefore, the case is remanded for a determination of the Appellant's entitlement to pretrial jail credits and, any such entitlement, shall be reflected on the corrected judgment forms.

---

[3]The judgment forms in each of the Appellant's aggravated sexual battery convictions show no award of pretrial jail credits. In his petition, the Appellant alleges that he is entitled to 431 days jail credit for pretrial detention during the period November 17, 1993 through his sentencing date of January 22, 1997.

## CONCLUSION

Consistent with this opinion, the case is remanded for the entry of corrected judgment forms to reflect any entitlement of the Appellant to pretrial jail credits and that the Appellant is sentenced as a 100% violent offender.

_____
DAVID G. HAYES, JUDGE