IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 17, 2004 Session

## STATE OF TENNESSEE v. DONALD W. STRECK

**Appeal from the Criminal Court for Knox County**
**No. 76771     Ray L. Jenkins, Judge**

_____

### No. E2003-01991-CCA-R3-CD - Filed November 29, 2004

_____

The state appeals from the Knox County Criminal Court's order granting Donald W. Streck's motion to receive jail credits toward his Tennessee sentence for time that he spent in federal custody serving federal sentences. Because the lower court did not have jurisdiction to entertain the motion, we reverse.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Reversed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Bruce E. Poston, Knoxville, Tennessee, for the Appellee, Donald W. Streck.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jeff Blevins, Assistant District Attorney General, for the Appellant, State of Tennessee.

### OPINION

In 1996, Donald W. Streck was convicted in Knox County Criminal Court upon his guilty plea to theft of property valued at more than $60,000. He was sentenced to serve twelve years in the Department of Correction, to be served consecutively to previously imposed federal sentences. Streck was incarcerated in the federal system at the time of his Tennessee conviction. Thereafter, he received additional federal convictions, for which the sentences were to be served consecutively to "all other sentences." Streck served all of his federal sentences and was then transferred to the custody of the Tennessee Department of Correction. Because of the federal sentences imposed after the Tennessee conviction took place, Streck's actual release date from federal custody was later than the date on which it was originally anticipated that he would be released to begin serving the Tennessee sentence. The Department of Correction calculated the commencement date of the defendant's Tennessee sentence from the date he actually came into its custody, rather than the date that it was originally envisioned at the time of Tennessee sentencing that he would commence

serving the Tennessee sentence. In other words, the Department of Correction did not give the defendant credit toward service of the Tennessee sentence for the additional time Streck spent in the federal system serving the additional federal sentences.

Aggrieved of this calculation, Streck filed a *pro se* Motion to Correct Order of Judgment. He asked the lower court to issue an order clarifying that the sentence for his Tennessee conviction commenced running on the day following his parole eligibility date for the federal convictions that he had received prior to the Tennessee conviction. Alternatively, Streck sought for the lower court to order that credit for the Tennessee sentence should commence on the day following his actual "max out" date for the prior federal convictions.

The state opposed Streck's motion in the lower court. After hearing arguments, the lower court ordered the Department of Correction to award Streck credit toward his state sentence for the time period following his completion of service of the ten-year federal sentence, during which time Streck remained in federal custody serving the additional federal sentences he received after his Tennessee conviction.

The state appealed the order, and the issue is now before this court.

We begin our review by noting that the state, as it aptly concedes, improperly filed its appeal pursuant to Tennessee Rule of Appellate Procedure 3, notwithstanding that it has no appeal as of right from a trial court's order addressing jail credits. *See* Tenn. R. App. P. 3(b); *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD (Tenn. Crim. App., Knoxville, Feb. 18, 2004). In a footnote in its brief, the state urges us to consider the issue under our powers of *certiorari* review. *See generally* Tenn. Code Ann. § 27-8-101 (2000). The weakness in this argument, of course, is that the state did not pursue this route in the first place. However, this court has the authority, when the interests of justice so compel, to treat an improperly filed appeal as a petition for writ of *certiorari*. *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). The case before us presents compelling circumstances, and we elect to consider the matter under our powers of *certiorari* review. *See id.*

Thus, we move on to the question at hand - - whether the lower court erred in granting Streck jail credit toward his state sentence for time that he spent in federal custody. We hold that it did because the court was without jurisdiction to consider the motion. At the time that Streck brought his motion, the Tennessee judgment had long since become final. As we have noted in the past, a motion to correct a sentence or judgment is not cognizable after the judgment has become final unless it is flawed to the point of voidness. *Cox v. State*, 53 S.W.3d 287 (Tenn. Crim. App. 2001). Furthermore, Streck was already in the custody of the Department of Correction. It is well settled law that claims regarding jail credits generally must be addressed through the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-101 *et seq.* (1998 & Supp. 2003), once an inmate is in the custody of the Department of Correction. *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-35-212(c) (2003) (trial court retains jurisdiction until defendant is in the custody of Department of Correction).

Because it lacked jurisdiction to entertain the motion, the lower court should have dismissed it. Accordingly, we reverse the lower court's order granting relief.

_____
JAMES CURWOOD WITT, JR., JUDGE