# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## LESLIE PAUL HATFIELD v. JIM MORROW, WARDEN

### Appeal from the Circuit Court for Bledsoe County
### No. 15-2009

### No. E2009-01127-CCA-R3-HC - Filed April 14, 2010

JOHN EVERETT WILLIAMS, J., concurring in results only.

I concur in the results reached by the majority opinion; yet, I choose to write separately because my opinion differs from the majority in how we arrive at that same result.

The majority uses the great writ to declare that the sentences imposed upon the petitioner are void and illegal because earned jail credits were not set out on each individual concurrent judgment form. I would prefer that we use our authority given in Rule 36 of the Tennessee Rules of Criminal Procedure to simply ensure that the concurrent judgments reflect earned jail credits of 226 days. That corrects what is here , at most, a clerical error.

One of the major purposes of a judgment is to ensure that it sets forth the date when a petitioner's sentences will expire. Here, I believe the judgments satisfy that requirement. Judgments which run concurrently or consecutively refer to one another and should be read together. Reading the judgments in this case together, it is clear that proper earned jail credit of 226 days was set out in  Count One of case # 8164.

The plain meaning of *concurrent sentences* leads me to conclude that a jail credit for one sentence is a jail credit for all sentences when they are served concurrently. Otherwise, the sentences would run parallel but independent of one another, which would result in the exact situation the majority seeks to rectify.

Black's Law Dictionary defines *concurrent sentences* as "two or more sentences of jail time to be served simultaneously. For example, if a petitioner receives concurrent sentences of five and fifteen years, the total amount of jail time is fifteen years." BLACK'S LAW DICTIONARY, 1367 (7th ed. 1999). The dictionary defines *simultaneous* as "existing,

occurring, or operating at the same time." WEBSTER'S NEW UNIVERSAL UNABRIDGED DICTIONARY, 1784 (1996). The majority has not convinced me of the need for the trial court to set out on each judgment form the total earned credits which were awarded. In fact, if the court does so, I see this as a possible cause of some confusion, which could result in double computation of credits. There are situations where differing amounts of time are to be credited toward different sentences. In such an event, should the sentences run concurrently all credits should be added together to determine when the sentence is to expire.

The majority states that the Department of Correction is "powerless to change what the trial court awarded or failed to award." I wish to note that there is no evidence in this record that the Department of Correction is not correctly enforcing the judgments and not giving the petitioner the appropriate pretrial jail credit toward all his sentences. Here the petitioner does not contend that his sentences have expired, and, clearly, the trial court had jurisdiction and authority to impose the sentences it did.

The petitioner further contends that his judgments are void because they do not reflect the jail credit he is entitled to receive because of being incarcerated twice on violation of probation warrants before he was sent to the penitentiary. The record here is so sparse it is unclear how, why, or when the petitioner became incarcerated. I conclude that the issues concerning pretrial jail credits related to the two incarcerations should be resolved by using the Administrative Procedure Act. I read the majority opinion to require all jail credits to be listed on the initial judgment and/or any amended judgments or risk being declared illegal.

The majority relies upon *State v. Henry,* 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997), as authority for its actions here. I do not dispute the authority cited; I merely prefer a method which does not attack at the heart of the judiciary by declaring the convictions to be "void" and "illegal" when a simple and clear clerical error, if any, has occurred.


_____
JOHN EVERETT WILLIAMS, JUDGE