IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2019

## STATE OF TENNESSEE v. TONICA ALVARADO aka TONICA BECKHAM

**Appeal from the Circuit Court for Hardin County**
**No. 16-CR-215      Charles C. McGinley, Judge**

_____

### No. W2019-00144-CCA-R3-CD

_____

The pro se Defendant, Tonica Alvarado aka Tonica Beckham, appeals the trial court's denial of her motion to correct a clerical error on her probation revocation order pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we remand the case for further findings.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Tonica Alvarado, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Vance Dennis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

According to the Defendant's pleadings, she has been confined in a penal facility since February 21, 2017, the offense date alleged in her first indictment, to which she pled guilty on May 4, 2017, and was sentenced to split confinement. On May 11, 2017, she was charged with introducing a controlled substance into a penal institution. Ultimately, she pled guilty in the second matter, as well, with the two sentences to be served concurrently. The basis for this action is that, although the Defendant has

remained in continuous custody, according to her, since the date of her first arrest, February 21, 2017, she was given jail credit for this first conviction only from the date of that first arrest until the date of her guilty plea, several months later. She argues that, since she has remained in custody since the date of that first arrest, she is entitled to an additional 325 days jail credit.

The Defendant is proceeding pro se in this matter, which likely explains the gaps in the appellate record. However, most of the claims she sets out in her briefs are corroborated by various documents in the appellate record. First, we will set out the very complicated facts, as we understand them to be.

The judgment for the first case, number 16-CR-215, is not included in the record on appeal, but according to the Defendant, she pled guilty on May 4, 2017, to the sale of methamphetamine and sentenced to ten years, suspended to probation after service of six months. She alleges that, while serving the six-month period, she received a new charge, introduction of contraband into a penal facility, in case number 17-CR-103. On March 26, 2018, nearly a year after the probation violation warrant had been issued in case number 16-CR-215, the Defendant's probation was revoked and she was ordered to serve the ten-year sentence in confinement. The probation revocation order states that the Defendant "was sentenced to 10 years, but that sentence was suspended and [the] [D]efendant placed on probation on 5/4/17[.]" The judgment form in her second case, number 17-CR-103, entered on March 26, 2018, reflects the imposition of a four-year sentence, to be served concurrently with case number 16-CR-215, and bears the notation "do not duplicate pretrial jail credit" under the special conditions section. In the second case, the Defendant was granted 319 days of pretrial jail credits, calculated from May 11, 2017, the date of that offense, until March 26, 2018. The Defendant complains, however, that the Department of Correction added 325 days of "street time" to her ten-year sentence in case number 16-CR-215, rather than giving her 325 days credit to which she is entitled. The Defendant filed a motion to correct a clerical error on her probation revocation order pursuant to Tennessee Rule of Criminal Procedure 36, asserting that her "time will not be corrected without an Amended Revocation Order which specifies jail credits by date." The trial court denied the motion, finding it "not well taken."

## ANALYSIS

Tennessee Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." In Cantrell v. Easterling, 346 S.W.3d 446 (Tenn. 2011), our supreme court quoted from an unreported decision of this court wherein we set forth the proper use of Rule 36 to correct clerical error as follows:

In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under clerical error rule after it has become final.

Cantrell, 346 S.W.3d at 449 n.2 (quoting State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)); see also Adrian Wilkerson v. Howard Carlton, Warden, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008).

Tennessee Code Annotated section 40-23-101 provides that the trial court must allow credit for time during which the defendant was held in various types of confinement "pending arraignment and trial" and that the defendant "shall also receive credit on the sentence" for time served "subsequent to any conviction arising out of the original offense for which the defendant was tried." Tenn. Code Ann. § 40-23-101(c).

As best we can divine from the incomplete record in this matter, the following appears to be the time line:

2/21/17 - the Defendant was arrested on charges which resulted in indictment 16-CR-215;

5/4/17 - the Defendant pled guilty in indictment 16-CR-215 and was sentenced to confinement for 10 years, with 6 months to be served, and the remainder on probation;

5/11/17 - the Defendant was charged with introducing a controlled substance into a penal institution;

5/23/17 - a probation violation warrant was issued in case 16-CR-215;

3/26/18 - the Defendant's probation was revoked in case 16-CR-215;

4/11/18 - the Defendant pled guilty in indictment 17-CR-103, sentenced to confinement for 4 years, with both sentences to be served concurrently, with jail credit for this sentence from 5/11/17 to 5/23/17;

4/23/18 - in case 17-CR-103, an amended judgment was filed with the dates of jail credit changed to be from 5/11/17 to 3/26/18;

- 3 -

11/26/18 - the Defendant filed a TDOC Inmate Inquiry-Information form in which she asserted that there should be an amended judgment in case 16-CR-215 showing 319 days of jail credit because she was in jail, not on the street. Additionally, this form contains several handwritten notations:

> The credit listed on the amended order you attached (5-11-17 to 3-26-18), are reflected on case 17CR108 – I will check to see if there is an amended order for case 16CR215 to reflect if there is any jail credit. In your file the Revo (sic) order for case 16CR doesn't show any jail credits were give by the judge.

> We cannot go by 'arrival and departures.' Credits must be given by judge, entered on Judgment Order, Revo (sic) Order or jail credit letter from the jail.

> There is no amended order for case 16-CR-215. Original judgment only lists PTJC from 2/21/17 to 5/4/17 (72 days) Street time is for dates 5/5/17 to 3/25/18 (325 days)

> Time is not served on a sentence due to probation. Some cases this is also ordered by Board of Parole from date paroled until date revoked. Your original J/O or Revo (sic) did not list dates 5/5/17 to 3/25/18 as jail credits. This is why it was taken as street time.

As noted previously, the judgment from case number 16-CR-215 was not included in the record on appeal for us to determine the sentence imposed and period to be served in split confinement, if any, before release on probation. Moreover, the transcript from the revocation hearing, if there was a revocation hearing, was also not included in the record. Therefore, there is nothing to dispute the trial court's notation on the revocation order that the Defendant's sentence had been suspended and she was placed on probation on May 4, 2017, which would support the Department of Correction's addition of "street time." However, logic indicates that the Defendant was in fact incarcerated during the period of May 4-May 11, 2017, for her to be charged with introduction of contraband into a penal facility with an offense date of May 11, 2017. The judgment for case number 17-CR-103 shows pretrial jail credits from May 11, 2017, to March 26, 2018. It appears that the trial court possibly intended not to award pretrial jail credits for case number 16-CR-215 by its notation on the judgment for case number 17-CR-103 of "do not duplicate pretrial jail credit." However, the fact that the trial court ordered that case number 17-CR-103 be served concurrently with case number 16-CR-215 would potentially indicate intent to award pretrial jail credit in both cases. See State v. Henry, 946 S.W.2d 833, 835

(Tenn. Crim. App. 1997). But again, we do not have the judgment for case number 16-CR-215 or a transcript from the revocation hearing before us. What we suspect occurred is that someone took the handwritten notation "Do not duplicate pretrial credits" on the judgment for 17-CR-103, to mean that the Defendant could not receive jail credit on both cases. We are unaware of any legal basis for denying jail credits if she was in custody on both, as was the likely situation. The record is insufficient for this court to make a determination of the trial court's intention and/or the Defendant's entitlement to pretrial jail credit.

## CONCLUSION

Based on the foregoing authorities and reasoning, we remand to the trial court for a determination as to whether additional jail credits should have been granted for case 16-CR-215 and direct that if the trial court determines that the Defendant was entitled to receive additional jail credits for this sentence, the court should enter a corrected judgment for this conviction and supply a copy to the TDOC. If the court determines that the Defendant was not entitled to additional jail credits for this conviction, we direct that the court prepare findings of fact and conclusions of law in this regard.


_____
ALAN E. GLENN, JUDGE