IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2025

## STATE OF TENNESSEE v. ANTHONY M. PATTON

### Appeal from the Criminal Court for Hamblen County
No. 08CR057        John F. Dugger, Jr., Judge

_____

### No. E2024-01697-CCA-R3-CD

_____

Defendant, Anthony M. Patton, appeals from the trial court's denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36, to correct a clerical mistake in the judgments entered against him. He asserts that the trial court erred in refusing to apply pretrial jail credit to the second of two consecutively imposed sentences, arguing that he is entitled to receive such credit on both sentences. He also argues that his plea agreement is void as a result. The State responds that the trial court correctly applied jail credits to Defendant's first sentence. After review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and CAMILLE R. MCMULLEN, JJ., joined.

Anthony M. Patton, Clifton, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Dan E. Armstrong, District Attorney General, and Victor J. Vaughn, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In April 2010, Defendant pleaded guilty pursuant to a plea agreement to one count of especially aggravated kidnapping and one count of facilitation of first degree murder. *See Patton v. State*, No. E2011-01651-CCA-R3-PC, 2012 WL 840692, at *1 (Tenn. Crim. App. Mar. 14, 2012), *no perm. app. filed*. Per the agreement, the trial court sentenced Defendant to twenty-five years, to be served at 100 percent, for the especially aggravated

kidnapping conviction and twenty-five years, to be served at 30 percent, for the facilitation of first degree murder conviction. *Id*. The court further ordered that Defendant serve the two sentences consecutively in accordance with the agreement. *Id*.

Defendant later filed a petition for post-conviction relief, claiming that his plea was neither knowing nor voluntary. *Id*. He argued that trial counsel told him he would serve only twenty-five years and that he was unaware that the plea agreement included consecutive sentencing. *Id*. The post-conviction court denied relief, finding that the trial court "explained that the sentences were to be served consecutively for an effective sentence of fifty years and Petitioner said that he understood." *Id*. at *9. On appeal, this court affirmed, concluding the record proved that both the trial court and trial counsel "independently explained thoroughly to [Defendant] the nature of the charges he faced, the plea agreement, and the sentence he would serve." *Id*.

In September 2024, Defendant filed a motion, pursuant to Tennessee Rule of Criminal Procedure 36, to correct a clerical mistake in the two judgments against him. Defendant asserted that the trial court failed to include credit for jail time he had served prior to his convictions on both judgment forms. The trial court agreed with Defendant in part and ordered that 818 days be credited towards Defendant's sentence for the especially aggravated kidnapping conviction. However, the trial court denied the motion as to Defendant's conviction for facilitation of first degree murder. In its order, the trial court reasoned: "Counts 1 and 2 were run consecutively. Therefore, the pretrial jail credits are on Count 1 only because that sentence runs first. The Defendant is not entitled to pretrial credits on Count 2 because the ultimate calculation would be 1636 days which he did not serve." Defendant then filed two successive Rule 36 motions, urging the trial court to reconsider applying the pretrial credit to his second conviction. The trial court denied further relief, and Defendant timely appealed.

## Analysis

On appeal, Defendant argues that he is entitled to pretrial jail credit on each of his consecutively imposed sentences. Defendant further argues that failure to credit both sentences with the 818 days he served prior to his convictions voids his earlier plea agreement. The State responds that inmates are not entitled to have pretrial jail credits applied to consecutively imposed sentences and that any attempt to void his plea agreement on appeal is waived for failure to raise that issue below. We agree with the State.

Tennessee Code Annotated section 40-23-101 requires the trial court, at the time it imposes sentence, to credit the defendant's sentence with any time served in the county jail prior to trial and "subsequent to any conviction arising from the original offense for which the defendant was tried." Tenn. Code Ann. § 40-23-101(c). "The awarding of these credits is mandatory." *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997). Although

the above statute requires the trial court to award pretrial jail credit, the failure to do so does not render the sentence illegal. *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015). Rather, a failure to award pretrial jail credit is considered a clerical mistake that may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *See Hessemer v. State*, No. M2024-01563-CCA-R3-HC, 2025 WL 1894830, at *4-5 (Tenn. Crim. App. July 9, 2025), *no perm app filed*; *see also Brown*, 479 S.W.3d at 208 (describing clerical mistakes as arising from a clerical error in filling out the uniform judgment form and noting they may be corrected at any time under Rule 36).

Rule 36 provides: "After giving notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. The Rule further provides that "upon the court's denial of a motion filed pursuant to this rule, the defendant . . . may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." *Id*. We review the denial of a Rule 36 motion under an abuse of discretion standard. *See, e.g.*, *State v. Siler*, No. E2020-00468-CCA-R3-CD, 2020 WL 6130919, at *3 (Tenn. Crim. App. Oct. 19, 2020).

Here, the trial court did not abuse its discretion in denying Defendant jail credit on his sentence for facilitation of first degree murder. Defendant is not entitled to pretrial jail credits on this sentence because to apply such credits to a consecutively imposed conviction would gift Defendant with an additional 818 days that he did not serve. Defendant argues that there is no Tennessee law that prevents this type of "double-dipping," citing only Tennessee Code Annotated section 40-23-101(c) in support. He is incorrect. Although the statute itself does not explicitly prohibit the relief Defendant seeks, "[o]ur case law holds that, where sentences are aligned consecutively, the defendant is typically entitled to credit only on the first sentence because the practical effect of consecutive awards of the full amount of jail credit would be to double the credit." *State v. Smartt*, No. E2021-00125-CCA-R3-CD, 2021 WL 6143735, at *9 (Tenn. Crim. App. Dec. 30, 2021) (citations omitted); *see also, e.g.*, *State v. Moore*, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 (Tenn. Crim. App. Sept. 13, 2017) ("Only when the trial court orders *concurrent* alignment of the sentences should the trial court include the award of pretrial jail credits on each judgment in order to provide the full benefit of the credits against the aggregate sentence."); *Ranier v. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006); *Johnson v. State*, No. E2002-01208-CCA-R3-PC, 2003 WL 21145504, at *2 (Tenn. Crim. App. May 16, 2003).

As to the validity of his plea agreement, Defendant did not argue below that the failure to award him pretrial jail credit on both sentences rendered his plea agreement void. As such, this argument is waived on appeal. *See State v. Rowland¸* 520 S.W.3d 542, 545 (Tenn. 2017) ("Generally, issues raised for the first time on appeal are waived."). Even if

- 3 -

this argument were not waived, Rule 36 provides only for the correction of clerical mistakes and does not authorize claims related to the validity of a defendant's plea. *See* Tenn. R. Crim. P. 36; Tenn. R. App. P. 3(b). Accordingly, Defendant is not entitled to relief.

## Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

s/ Matthew J. Wilson
_____
MATTHEW J. WILSON, JUDGE
