IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 17, 2008

## MONOLITO B. COOPER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Bradley County**
**No. M-06-076     Amy Reedy, Judge**

**No. E2008-00718-CCA-R3-HC - Filed December 15, 2009**

The petitioner, Monolito B. Cooper, filed a petition for a writ of habeas corpus, alleging that his 1999 and 2002 sentences have expired due to the application of certain pretrial jail credits. The trial court denied the petition, and the petitioner appealed. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Monolito B. Cooper, Tiptonville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On January 26, 2006, the petitioner filed a petition for writ of habeas corpus, asserting that he was denied certain jail credits. In the petition, the petitioner contended that he should be released from prison because, upon applying credit for time served in jail, his twelve-year sentence for aggravated robbery had expired. The challenged sentence was apparently imposed on or about November 22, 2002. Also on that date, the trial court revoked the petitioner's probation on a ten-year sentence for robbery that was imposed and suspended in 1999 and ordered the twelve-year sentence to be served concurrently with the ten-year sentence.

In support of his habeas corpus petition, the petitioner attached several orders the trial court entered with respect to a post-conviction relief petition he had filed. The orders reflect that in 2004, the trial court dismissed the petitioner's post-conviction petition after the parties reached an agreement to resolve the petition by providing the petitioner with pretrial jail credits toward both the

2002 conviction and the 1999 conviction. The orders further reflect that the trial court, apparently based upon the parties' agreement, awarded the petitioner pretrial jail credits "on all cases" for time served in the aggregate of four years and seven months. On February 20, 2008, the petitioner filed a second petition for writ of habeas corpus relief, claiming that the twelve-year sentence imposed in 2002 commenced running in 1999 when he was previously convicted and sentenced to ten years on probation. By calculating from 1999 and applying four years and seven months credit, he contends that his sentences have expired.

On appeal, the petitioner contends that the trial court erred in failing to conduct an evidentiary hearing to determine whether, with the application of pretrial credits, his sentences have expired.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

We note that the petitioner failed to attach the 1999 judgment of conviction to his habeas corpus petition or provide a reason for its absence as required by Tennessee Code Annotated section 29-21-107. See Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds by Moody v. State, 160 S.W.3d 512, 515-16 (Tenn. 2005). Therefore, we are unable to conclusively determine the merits of the petitioner's claim that this sentence has expired. Accordingly, the petitioner is not entitled to habeas corpus relief regarding this sentence. However, the petitioner did attach to his habeas corpus petition a copy of the 2002 judgment of conviction.

We acknowledge that "[w]hen an accused is taken into custody by the state, Tennessee is required to credit the sentence with the time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried."

State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (citing Tenn. Code Ann. § 40-23-101(b)). The application of pretrial sentencing credits is mandatory. Id.

Again, as we have noted, the petitioner contends that he is entitled to receive on the 2002 sentence the pretrial jail credits the trial court ordered when it dismissed his post-conviction case and that, upon applying the credits, his sentence has expired. As a matter of law, the petitioner could not have earned credit toward the 2002 sentence before he committed the crime. In relevant part, Tennessee Code Annotated section 40-35-211(1) states:

> Sentences for all felonies . . . are determinate in nature, and the defendant is responsible for the entire sentence undiminished by sentence credits of any sort, except for credits authorized by § 40-23-101 relative to pretrial jail credit, or §§ 33-5-406 and 33-7-102 relative to mental examinations and treatment, and prisoner sentence reduction credits authorized by § 41-21-236.

According to Tennessee Code Annotated section 40-23-101, a sentence commences when the defendant legally comes into custody for execution of the judgment of conviction. The statute provides for pretrial credit only for periods that a defendant is incarcerated pending arraignment and trial and for time served after the conviction. Tenn. Code Ann. § 40-23-101(c); see also Kevin D. Otey v. Jim Worthington, Warden, No. E2006-02419-CCA-R3-HC, 2007 WL 2710028, at *3 (Tenn. Crim. App. at Knoxville, Sept. 18, 2007) (holding that habeas corpus court erred when it credited sentence with time served for prior conviction). There is no state law provision allowing credit for time served before the crime was committed.

Moreover, we note that the award of sentencing credits is not a remedy provided for in the Post-Conviction Procedure Act. Post-conviction relief is only available when a conviction is void or voidable because of a constitutional violation. Tenn. Code Ann. § 40-30-103. The remedies for a meritorious post-conviction claim are the vacating and setting aside of the judgment or the ordering of a delayed appeal. Tenn. Code Ann. § 40-30-111(a). There is no provision in the Post-Conviction Procedure Act or otherwise, that authorizes the mere awarding of jail credit in contravention of state law as a means of resolving post-conviction claims. State v. Boyd, 515 S.W.3d 206 (Tenn. Crim. App. 2000). Thus, the post-conviction court did not have the power to simply enter an order awarding the addition of jail credits to the sentence. The original judgments of conviction reflect that the appellant's sentences have not expired; therefore, he is not entitled to habeas corpus relief.

### III. Conclusion

The judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE

-3-