# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 7, 2014

## TERENCE DAVIS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-2013-CR-50      Joseph H. Walker, III, Judge**

---

### No. W2013-01081-CCA-R3-HC  - Filed March 19, 2014

---

The Petitioner, Terence Davis, appeals as of right from the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that one of his judgments of conviction is void because it fails to properly reflect his pretrial jail credit. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Terence Davis, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

The Petitioner was arrested on April 22, 2006, on a warrant for rape and sexual battery. He was released on bail on April 26, 2006. He was subsequently indicted on these charges in Case No. 06-06292. On May 1, 2007, the Petitioner was indicted in Case No. 07-03102 on new charges of aggravated burglary, aggravated rape, and statutory rape alleged to have occurred in 2005. He was arrested on May 22, 2007, on a capias issued with the second indictment. The Petitioner remained in custody until he entered guilty pleas in both cases. He was sentenced to concurrent eight-year terms for each case.

The judgment for Case No. 07-03102 shows that the Petitioner was awarded pretrial jail credit from May 22, 2007 to February 23, 2009, in that case. The judgment for Case No. 06-06292 shows that Petitioner was awarded pretrial jail credit on that charge from April 23,

2006 to April 26, 2006, and also from September 7, 2007 to February 23, 2009. On April 10, 2013, the Petitioner filed a petition for writ of habeas corpus in the Hardeman County Circuit Court asserting that he is missing approximately three months of pretrial jail credit in Case No. 06-06292. On April 16, 2013, the circuit court summarily dismissed the petition.

The Petitioner contends that his judgment is void because the trial court failed to properly award him pretrial jail credit from May 22, 2007 to September 6, 2007, in Case No. 06-06292. Essentially, he argues that during that time period he was being held on both charges, and thus should have had that time credited on both judgments. The State responds that although the Petitioner claims that he was released on bail on the initial charge, he did not provide any documentation showing that his bond had been revoked or suspended at the time of his May 22, 2007 arrest. Therefore, the State concludes that the Petitioner has failed to show that he was being held on the charges in Case No. 06-06292 during the time period in question, and that the trial court's allocation of pretrial jail credits was proper.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 186, 189 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex. rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); Tenn. Code Ann. § 29-21-109.

The failure of a trial court to credit a petitioner with mandated pretrial jail credit results in an illegal sentence; therefore, it is a cognizable claim for habeas corpus relief. Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). To establish such a claim, a petitioner must show "(1) that he was incarcerated 'pending arraignment and trial' on the offense or offenses that led to the challenged convictions or 'subsequent to' the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment." Id. As such, a petitioner "must exhibit to his

petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit . . . and that the trial court erroneously failed to award it." Id. at 124.

Furthermore, where a petitioner is serving concurrent sentences for multiple charges and pretrial jail credit was not applied equally to both charges,"[t]he dispositive issue [on appeal] is whether [the petitioner] was committed and held in pretrial custody on both charges at the same time." State v. Henry, 946 S.W.2d 833, 834-35 (Tenn. Crim. App. 1997). For example, if a petitioner was "incarcerated on [a] first offense and later separately charged for [a] second offense, then he can receive pretrial jail credit on the second offense only from the time of that charge." Id. at 835.

The Petitioner asserted that he was arrested in 2006 for Case No. 06-06292 and that he made bail on that charge. In 2007, he was arrested on an indictment for a rape that occurred in 2005 in Case No. 07-03102. The record shows that the Petitioner was committed to the Shelby County Jail on May 22, 2007, solely for the indictment in Case No. 07-03102. The record does not contain any documents demonstrating that the Petitioner's bond had been surrendered or revoked in Case No. 06-06292 at the time he was arrested on May 22, 2007. A petitioner is only entitled to equal pretrial jail credit for both concurrent sentences when it is proven that, for the time period in question, the defendant was being held on both charges. See Henry, 946 S.W.2d at 834-35. Without documentation that the Petitioner's bond had been revoked or surrendered when he was arrested the second time, the record is insufficient to support his claim that he was in custody for both charges from May 22, 2007 to September 6, 2007. Therefore, the habeas corpus court did not err in summarily dismissing the petition.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE