

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 16, 2016 at Knoxville

## STATE OF TENNESSEE v. JACKIE PHILLIP LESTER

**Appeal from the Circuit Court for Lawrence County**
**No. 32698     J. Russell Parkes, Judge**

---

### No. M2016-00700-CCA-R3-CD

---

D. KELLY THOMAS, JR., J., dissenting.

I agree with the majority that, generally, once an inmate is in the custody of the TDOC, the proper avenue to address sentence reduction credits is through the APA. State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). However, our court has recognized unique circumstances which authorize the trial court to entertain requests for declaration of proper sentence credits. Id. (citing Matthew P. Finlaw v. Anderson County Jail, No. 03C01-9212-CR-0048, 1993 WL 310312, at *2 (Tenn. Crim. App. Aug. 13, 1993); State v. Christopher Oliver, No. 03C01-9212-CR-00447, 1993 WL 152408, at *2 (Tenn. Crim. App. May 11, 1993)). I believe that the instant case calls for similar relief.

In Yates v. Parker, this court clearly held that Tennessee Code Annotated section 40-23-101(c) requires the trial court note on the judgment of conviction the number of pre-sentencing jail credits but does not require the trial court to include post-judgment jail credits in the judgment. 371 S.W.3d 152, 155-56 (Tenn. Crim. App. 2012). The Yates court reasoned,

> This court reads the last sentence of subsection (c) as addressing credit earned by a defendant from the time of conviction to sentencing, allowing a defendant the benefit of additional days in confinement after a conviction but before sentencing. The relevant portion reads, "[a] defendant shall also receive credit on the sentence for the time served in jail . . . subsequent to any conviction arising out the original offense for which the defendant was tried." The statute mandates that the trial court note on the judgment of conviction the number of days a defendant has been in confinement from arraignment to sentencing for the charged offense. The statute, however,

does not require the trial court to note post-judgment jail credit on a judgment of conviction.

This holding fits with the purpose of section 40-23-101(c), which is "to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983).

However, the Yates court was deciding whether the sentence was illegal in the context of a habeas corpus claim and was specifically addressing section 40-23-101(c). This court has recently stated, in State v. David Reed, that "a trial court's failure to award post-judgment jail credits at the time it revokes a defendant's probation may be an appealable error," although it does not render the sentence illegal. 2016 WL 1223409, at *2 (citing State v. Brown, 479 S.W.3d 200, 208 (Tenn. 2015)); see also Cantrell v. Easterling, 346 S.W.3d 445, 449-52 (Tenn. 2011) (discussing the difference between clerical errors, appealable errors, and fatal errors). The statute cited in Reed provides that "the sentencing court may cause the defendant to commence the execution of the judgment as originally entered, less any credit for time served, plus any sentence credits earned and retained by the inmate." Tenn. Code Ann. § 40-35-501(a)(7) (emphasis added). While section 40-35-501(a)(7) deals with an inmate on determinate release, it provides persuasive authority for the proposition that sentence credits retained should be awarded by the trial court upon revocation of probation following initial release. In the present case, the Defendant was ordered to serve eighteen months of his sentence and did so in the county jail and earned early release based upon the award of good behavior and work credits. He was released and is now being sentenced to the TDOC upon a second revocation.

At this juncture, I feel constrained to note the procedural and jurisdictional anomalies in this case that cause it to be unique. Here, as noted, the Defendant's sentence was partially revoked on July 23, 2015, and he was ordered to serve his eighteen-month sentence in the county jail. However, this was not statutorily authorized. Tennessee Code Annotated section 40-35-314(a) states that,

> If confinement is directed, the court shall designate the place of confinement as a local jail or workhouse if required pursuant to § 40-35-104(b) or, if the sentence is eight (8) years or less and combined with periodic or split confinement not to exceed one (1) year, the court shall designate the place of confinement as a local jail or workhouse. If confinement in a local jail or workhouse is not mandated by § 40-35-104(b), § 40-35-306 or § 40-35-307, all convicted felons sentenced after November 1, 1989, to continuous confinement for a period of one (1) year or more shall be sentenced to the department of correction. After November 1, 1989, if a court sentences or has sentenced a defendant to a local jail or workhouse when the court was not authorized to do so by this

> chapter, it shall be deemed that the sentence was a sentence to the department, and the commissioner of correction shall have the authority to take the defendant into the custody of the department.

(Emphases added); see State v. William G. Barnett, Jr., No. M2013-01176-CCA-R3-CD, 2013 WL 6199273, at *7-8 (Tenn. Crim. App. Apr. 23, 2014) (concluding that a petitioner who argued that trial court did not have the authority to extend the confinement portion of his split confinement sentence beyond one year had submitted a colorable claim for habeas corpus relief and was entitled to hearing).

It is true that Tennessee Code Annotated section 4-3-603(b) permits the TDOC commissioner to contract with local jails to house TDOC inmates:

> In addition to any other duties provided by law, when it appears to the commissioner, in the commissioner's sole discretion, that the available facilities and institutions of the department that are designed for the custody of inmates are overcrowded, the commissioner shall endeavor to alleviate such overcrowded conditions by contracting with local governmental entities, when possible, for the care, custody, and control in local jails, workhouses, penal farms or other such facilities, of inmates who have been committed to the department, or by any other means permitted by law.

Tenn. Code Ann. § 4-3-603(b). However, there is no indication from the record that the Lawrence County Jail had contracted with the TDOC to house TDOC prisoners; in fact, the testimony of Lt. Mahar established the contrary. Accordingly, despite the illegal nature of the Defendant's incarceration in the county jail under section 40-3-314(a), he was nonetheless, at all times, in the physical custody of the Lawrence County Jail and had never been transferred to the TDOC. See State v. Amanda Hope McGill, No. E2013-02069-CCA-R3-CD, 2014 WL 2854174, at *1 (Tenn. Crim. App. June 20, 2014) (determining that the defendant, in that case, was transferred to the physical custody of the TDOC upon her transfer to serve her TDOC sentence in the Johnson City facility). Moreover, the TDOC commissioner never used its discretionary authority under section 40-35-314(a) to take the Defendant into the custody of the department. Therefore, we conclude that the trial court retained jurisdiction over the Defendant's eighteen-month sentence in accordance with 40-35-212, which provides, in pertinent part,

> (c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.
> (d)(1) Notwithstanding subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the

department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

See also State v. Edenfield, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009) ("Tennessee Code Annotated section 40-35-212 only permits the trial court to modify a Department of Correction sentence for a defendant who is held locally and has not been transferred to the penitentiary."); McGill, 2014 WL 2854174, at *2.

Returning to the issue at hand, a trial court is required to note all credits on the judgment order revoking probation. See State v. Edward Chumney, No. W2004-00474-CCA-R3-CD, 2005 WL 924263, at *1 n.1 (Tenn. Crim. App. Apr. 21, 2005) ("[T]he trial court's order revoking probation contains no reference to jail credits or community correction credits, which is required for computation of the [a]ppellant's release date by the [TDOC]."); State v. George Watkins, No. 5, 1989 WL 146748, at *2 (Tenn. Crim. App. Dec. 6, 1989) (concluding that the defendant was entitled to credit for this time served upon revocation of probation). Moreover, the TDOC is required to calculate prison sentences in accordance with the sentencing court's judgments and orders and with applicable sentencing statutes. Bonner v. Tenn. Dep't of Corr ., 84 S.W.3d 576, 581-82 (Tenn. Ct. App. 2001). Because the TDOC may not alter the judgment order of the trial court in any respect, State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978), the trial court would be best situated to award good behavior and work credits in this instance. See, e.g., Michael T. Gibbs, Jr. v. State, No. E2013-00814-CCA-R3-HC, 2013 WL 6199273, at *1 (Tenn. Crim. App. Nov. 26, 2013) (providing an example of trial court's granting pretrial and good behavior credits at a second revocation hearing). In this case, only the local jailer had the authority to revoke the Defendant's credits, see Tennessee Code Annotated section 41-2-111, not the TDOC.

In State v. Christopher Oliver, the defendant "filed a pro se a petition seeking jail time behavior credits earned while he was awaiting trial[,] . . . together with credits earned after sentencing but before his transfer to the [TDOC]." 1993 WL 152408, at *1. The judgment gave him credit for 191 days of pretrial jail time but no behavior credit. Id. All parties agreed that, under the provisions of Tennessee Code Annotated section 41-21-236(e)(1), the defendant was entitled to fifty-four days of sentence reduction, and the trial court entered an order granting the reduction and sent a copy to the TDOC. Id. This court affirmed the trial court's action on appeal, reasoning as follows.

> We do not perceive this to be a situation wherein the Department of Correction miscalculated a sentence. Any miscalculation of jail time behavior credits by the Department of Correction, if any, under T[ennessee] C[ode] A[nnotated] [s]ection 41-21-236(e)(1, 2) would presumably be the result of incomplete data from the trial court on the judgment orders, and judgment orders of the C[ircuit] Court of Anderson County were perhaps incomplete as to sentence reduction credits. We hold that the trial court had

4

jurisdiction to enter the order complained of, in effect advising the Department of Correction of earned sentence reduction credits. . . . . Should Oliver have a complaint with the Department of Correction, after the trial court has furnished this information, then the State's position is correct that the only mechanism available to an inmate to challenge the calculation of his sentence by the Department of Correction is through the [APA].

Id. at *2 (citations omitted). We believe the same logic is applicable under the present circumstances.

In accordance with these principles, I believe that the Defendant would have no recourse through the APA because the TDOC could not award credits specifically denied by the trial court. This would be true even if the TDOC wanted to award the credits; the department could not do so in contravention of a trial court's order. These are indeed "unique circumstances" authorizing the trial court to entertain the request for proper declaration of sentence credits. Also, this yields the most fair and just result in my opinion, as the trial court recognized but felt it lacked the authority to remedy, given Lt. Mahar's testimony that a prisoner "who is actually in the [TDOC] serving his sentence is getting statutory good time [twenty-five] percent. He's getting the job status work credits of two for one. And a [prisoner] who is similarly situated in the local jail who later on gets fully revoked is losing all of that[.]" Lt. Mahar agreed that the Defendant had earned these credits and that they had not been revoked. Therefore, I would award all good behavior and work credits to the Defendant prior to his incarceration with the TDOC following this second probation revocation. I respectfully dissent.

_____
D. KELLY THOMAS, JR., JUDGE