IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

**STATE OF TENNESSEE v. TONY ARTHUR SWANN**

**Appeal from the Criminal Court for Sullivan County**
**No. S49138   R. Jerry Beck, Judge**

_____

**No. E2015-01516-CCA-R3-CD – Filed June 8, 2017**

_____

Petitioner, Tony Arthur Swann, appeals from the denial of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error due to the alleged denial of pretrial jail credits and his Tennessee Rule of Criminal Procedure 36.1 motion alleging that his sentence is illegal because of a probation revocation order.  Following our review, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined.  ROBERT H. MONTGOMERY, JR., J., not participating.

Tony Arthur Swann, Whiteville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Barry Staubus, District Attorney General; and Kaylin K. Render, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

On September 25, 2006, Petitioner pled guilty to aggravated assault in case number S49139 and received a sentence of three years.  In case number S49138 he pled guilty to burglary, kidnapping, aggravated assault, and assault.  He was sentenced to two years for burglary, three years for kidnapping, three years for aggravated assault, and eleven months, twenty-nine days for assault.  The sentences in both cases were ordered to be served consecutively for an effective sentence of eleven years, eleven months, and twenty-nine days on supervised probation.  On May 9, 2014, the trial court revoked Petitioner's probation in case number S49138 for leaving the state without permission,

failing to pay court costs, and obtaining a new conviction for shoplifting. The trial court ordered Petitioner to serve eight years, eleven months, and twenty-nine days in the Department of Correction.

On November 17, 2014, Petitioner filed a motion to correct clerical errors and an illegal sentence. Counsel was appointed, and an "Amended Motion to Correct Clerical Errors" was filed on January 22, 2015. On July 27, 2015, Petitioner filed with the court clerk in Blountville a request for presentence jail credits. Petitioner alleged that he served time in jail from June 23, 2006, until September 25, 2006, the date that he was sentenced.

A hearing was held on July 28, 2015. At the hearing Petitioner argued that he was entitled to pretrial jail credits for time served in the Sullivan County Jail from September 13, 2010, to November 24, 2010; from April 11 to August 10, 2011, and his "trustee" time from February 28, 2014, to June 20, 2014. Petitioner's counsel told the trial court that in the Department of Correction's calculations, Petitioner received credit for those dates in the "time served" category rather than the "pretrial jail credit" category because "the days and months that he's wanting credit for are way after trial; in fact, eight, nine years later, for time when he had [violations of probation] that were served on him, he was picked up, he served in [the] Sullivan County Jail." We note that the record reflects Petitioner left the Department of Correction after April 28, 2014, and served time in the Bledsoe County Jail until June 20, 2014. The Department of Correction lists time from February 28, 2014, through April 28, 2014, as jail credit. Petitioner's counsel did not present into evidence any dates that Petitioner served in jail that he did not receive credit for, including dates before Petitioner received his sentence. The trial court did not consider Defendant's request for pretrial jail credit regarding the June 23, 2006, to September 25, 2006, dates because the request was signed only by Petitioner and there was no letter from the prison. The trial court found that Petitioner received credit for his time served in jail and that he was not entitled to any additional sentencing credits. On August 5, 2015, the trial court filed an order dismissing Petitioner's amended motion to correct clerical errors.

On December 29, 2015, Petitioner filed a "Motion to Correct Illegal Judgment/Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1 regarding case number S49138. Petitioner alleged in the motion that the trial court's May 2014 probation revocation order was "facially void, and therefore illegal" because the trial court did not have the authority to revoke probation for sentences that had expired. The trial court construed the motion as a motion to reduce the sentence under Rule 35 of the Tennessee Rules of Criminal Procedure and denied relief in an order entered on January 12, 2016.

Petitioner filed timely notices of appeal from the orders entered on August 5, 2015, and January 12, 2016. Petitioner then filed a motion requesting that this court consolidate the two appeals. This court granted Petitioner's motion on March 29, 2016.

*Analysis*

## I.      Rule 36 Motion to Correct a Clerical Error

Defendant first argues that the trial court erred by denying his motion to correct a clerical error because "the trial court did commit error by failing to make a determination on the issues of pretrial jail credit and 'trustee' time, whereas Appellant was incarcerated in the Sullivan County Jail from 6/23/06-9/25/06 (pretrial), and from 2/28/14-6/20/14 (working as a trustee)."

Tennessee Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." In considering whether there has been a clerical error, this court has made the following observations,

> When changes are made for illegal sentences, the judgment must show on its face the sentence is illegal. In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court *or that the judgment was erroneously entered.* The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995) (emphasis added); *see also Adrian Wilkerson v. Howard Carlton,* Warden, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008) (internal citation omitted). A trial court's ruling on a Rule 36 motion is reviewed under an abuse of discretion standard. *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R30CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014).

A clerical error arises "simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). In this case, Petitioner has not demonstrated nor has he even alleged in his brief that there was a

clerical error on any of his judgment forms. He argues that the trial court failed to "make a determination on the issues of pretrial jail credit and 'trustee' time . . ."

Tennessee Code Annotated section 40-23-101(c) provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

However, as pointed out by the State, the only evidence concerning Petitioner's jail time before he received his sentence was his own request for pretrial credits sent to the court clerk in Blountville. There is nothing in the record to indicate that Petitioner was incarcerated before entering his guilty plea. At the hearing on Petitioner's Rule 36 motion, his counsel stated that Petitioner did not receive "any pretrial jail credit because he was bonded out so quickly." Petitioner's counsel also indicated that Petitioner was requesting that credits from time served on probation violations in 2010, 2011, and 2014 be credited as pretrial jail credit, which was considered "time served" by the Department of Correction. No document from the hearing shows that Petitioner served any time before he was sentenced in 2006. The trial court did not consider Defendant's request for pretrial jail credit regarding the June 23, 2006, to September 25, 2006, dates because the request was signed only by Petitioner and there was no other documentation. The trial court found that Petitioner received credit for his time served in jail and that he was not entitled to any additional sentencing credits. The record supports the trial court's decision. Petitioner is not entitled to relief on this issue.

As to Petitioner's "trustee" time, since this issue does not involve pretrial jail credits, it must be addressed through the Uniform Administrative Procedures Act. *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997); *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009).

## II.    Motion to Correct an Illegal Sentence under Rule 36.1

Petitioner contends that the trial court misconstrued his Rule 36.1 motion to correct an illegal sentence as a motion to reduce the sentence under Rule 35 of the Tennessee Rules of Criminal Procedure. The State concedes, and we agree, that the trial

court erred by considering the motion as a motion to reduce the sentence. In any event, Petitioner argues that his probation revocation order is illegal because the trial court ordered him to serve all four counts in case number S49138 even though counts one and two had expired before the petition to revoke probation was filed.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Easterling*, 346 S.W.3d at 453.

The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has stated:

Sentencing errors fall into three categories - clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal. Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. The second category - appealable errors - consists of "those errors for which the Sentencing Act specifically provides a right of direct appeal." Included in this category are claims "akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction," such as claims that the record does not support

the trial court's factual findings regarding sentencing. Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence. The final category is fatal errors, and these errors are "so profound as to render the sentence illegal and void." This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses.

*Wooden*, 478 S.W.3d at 595 (citations omitted).

Petitioner in this case argues that his probation revocation order is "illegal" because the trial court ordered him to serve all four counts in case number S49138 when counts one and two of the case had already expired. If there was error in ordering Petitioner to serve eight years, eleven months and twenty-nine days by revoking two sentences where the sentences served by probation had been successfully served, this is trial court error that could have been appealed. Petitioner had the right to appeal the trial court's revocation order within thirty days of its entry, but he did not do so. T.C.A. § 40-35-311(e)(2); Tenn. R. App. P. 4(a). The *order* revoking the probation and ordering incarceration for the sentences in counts one and two may have been erroneously entered, but the *sentences* were not "illegal." Petitioner is not entitled to relief under Rule 36.1.

## CONCLUSION

Having carefully reviewed the record before us and the briefs of all the parties, we find no error and affirm the trial court's denial of Petitioner's motions.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

- 6 -