IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2017

**CALVIN REEVES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Putnam County**
**No. 11-0063  David A. Patterson, Judge**
_____

**No. M2017-00042-CCA-R3-PC – Filed January 3, 2018**
_____

Defendant, Calvin Reeves, appeals the trial court's entry of amended judgment forms, without notice to him, which removed pretrial jail credit from two of his three consecutive sentences. He claims those credits were part of his negotiated plea agreement. Based upon our review of the record, the triplicate award of pretrial jail credit was a clerical error such that the trial court had the authority to amend the judgments under Tennessee Rule of Criminal Procedure 36. However, the amended judgment form for Count One still contains a clerical error when compared with the actual pretrial jail credit awarded during the plea submission hearing. Therefore, we affirm the trial court's judgments in part, reverse in part, and remand for the entry of a corrected judgment form on Count One.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Calvin Reeves, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Victor Gernt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In late February and early March of 2009, the Putnam County Sheriff's Department conducted several undercover operations targeting Defendant in the sale of

cocaine. On three separate occasions, an undercover officer and a confidential informant purchased just under one gram of cocaine from Defendant, and each transaction occurred within 1000 feet of Cookeville High School. On January 9, 2012, Defendant, a career drug offender, pled guilty as a Range II, multiple offender to three counts of selling more than .5 grams of cocaine, without the school zone enhancement, in exchange for a total effective sentence of thirty years and the dismissal of other pending charges.[1] During the plea hearing, the following colloquy transpired:

> [Counsel for the State]: With respect to one observation you had, just to make sure it's on the record is, that [Defendant] understands, as well as counsel, to make clear that he is receiving pretrial jail credit that predates, that goes considerably back, I think it's back to May or June of 2010.

> Defendant: Correct.

> [Counsel for the State]: If I'm not mistaken. And that will be applied, the judgments will reflect that *that applies to each of these three offenses*. I just want to make sure he understands, the State agrees to this, although the dates themselves, that he's getting credit for, predate his being essentially served the pick-up [sic] indictment in this matter. It is, that it's by agreement, and the State understands, he had been in custody on those other cases, and the State is going to make sure that he receives that credit.

> [Counsel for Defendant]: And that would be 572 days[2] *on each of the three counts*.

> [Counsel for the State]: That's my understanding.

---

[1] In case number 11-0063, Defendant was also charged with three counts of delivery of cocaine as well as separate counts charging sale and delivery within 1000 feet of a school; the judgment forms dismissing these counts are included in the supplemental technical record. Defendant also had pending drug charges in case numbers 10-0815A and 10-0816, which were also dismissed as part of the plea agreement; however, those judgment forms are not in the record of this current appeal as they were not included in Defendant's original post-conviction petition or the trial court's subsequent amendment of the judgment forms. If those judgement forms do not exist in the trial court's records, judgments should be entered reflecting the dismissal of each count pursuant to *State v. Davidson*, 509 S.W.3d 156, 217 (Tenn. 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

[2] Defense counsel's statement during the plea hearing of 572 days may be either a misstatement or a miscalculation of Defendant's pretrial jail credit. The TDOC form submitted with Defendant's post-conviction petition indicates 593 days of pretrial jail credit, which is consistent with this Court's calculation based on the dates given on the judgment forms.

(Emphasis added). The judgment forms entered by the trial court on each of the three convictions reflected pretrial jail credit from May 26, 2010, to January 9, 2012, or 593 days. The judgment forms also reflected that each of the ten-year sentences were to run consecutively to each other, effectively granting Defendant a total of 1779 days of pretrial jail credit. It is clear from the record that a component of this negotiated plea agreement involved Defendant receiving the benefit of triple-dipping on his pretrial jail credit.

Defendant subsequently filed a petition for post-conviction relief, alleging ineffective assistance of counsel and an involuntary guilty plea. Specifically, Defendant contended that the Tennessee Department of Correction ("TDOC") had deemed his sentence to be illegal and modified it by applying the pretrial jail credits to only one of his three convictions. According to Defendant, not only did the TDOC lack the authority to modify an illegal sentence under *State v. Burkhart*, 566 S.W.2d 971 (Tenn. 1978), the modification violated the plea agreement between Defendant and the State. Additionally, Defendant contended that trial counsel was deficient for failing to advise him that the TDOC might deem pretrial jail credit on consecutive sentences illegal and refuse to enforce the negotiated plea agreement.

The trial court filed an order on November 17, 2015, finding that the State had conceded error and granting Defendant post-conviction relief. On that same day and with the assistance of post-conviction counsel, Defendant entered into a new plea agreement with the State. Defendant pled guilty to three counts of the reduced charge of selling less than .5 grams of cocaine in exchange for consecutive sentences of six years, six years, and eight years, for a total effective sentence of twenty years. The plea agreement form reflected that Defendant was to receive jail credit from May 26, 2010, through November 17, 2015, or 2001 days. During the plea submission hearing, the following occurred with respect to the application of the pretrial jail credits:

> The Court: We're making a record of this also. We're making sure that we're doing this the way that is in agreement with what you are agreeing to.
>
> The total time that is going to be allotted to you for this particular case is that amount from May 26 of 2010 through today's, to today's date on this twenty year sentence. *That isn't for each count*, do you understand that, sir?
>
> [Defendant]: Yes, sir.

(Emphasis added). The trial court entered judgment forms on March 2, 2016,[3] reflecting that the three sentences were to run consecutively and that each was to receive pretrial jail credit from May 26, 2010, to November 17, 2015, effectively granting Defendant 6003 days of pretrial jail credit.

Nine months later, on December 7, 2016, the trial court sua sponte entered amended judgment forms on each of the three convictions.[4] Count One was amended to reflect pretrial jail credit from May 26, 2010, through January 9, 2012, and a note was added in the Special Conditions box which read "The defendant was in TDOC custody from 1/9/2012 through 11/17/2015." The other two counts were amended to remove the pretrial jail credit in its entirety, thus substantially reducing Defendant's total pretrial jail credits from 6003 days to 593 days. All three forms contained a notation in the Special Conditions box that "[t]he judgment is amended to reflect the correct jail credit." It is from the amended December 2016 judgments that Defendant now appeals.

Defendant filed a pro se notice of appeal on January 4, 2017, which was received by this Court on January 9, 2017. The State responded by filing a motion to dismiss the appeal, arguing that this Court lacked jurisdiction to consider this appeal under Tennessee Rule of Appellate Procedure 3(b) and that the notice of appeal was untimely. Citing *State v. Phillip G. Harris*, No. M2008-01819-CCA-R3-CD, 2010 WL 2431981 (Tenn. Crim. App. Jun. 11, 2010), *no perm. app. filed*, the State argued that Defendant could not appeal the trial court's entry of amended judgments but should have filed a motion to withdraw his guilty plea or a petition for post-conviction relief, either of which he could then appeal to this Court. This Court denied the State's motion, concluding that a criminal defendant has the right to appeal the entry of a corrected or amended judgment under Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 36 and that the notice of appeal was timely filed. Thus, we will proceed to consider Defendant's argument that the trial court lacked authority to amend the judgments after they had become final and the State's counterargument that the trial court maintained the power to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36.

---

[3] The record does not contain an explanation for the three and one-half month delay from the November 17, 2015 plea agreement to the March 2, 2016 entry of the judgments.

[4] We note that the record on appeal does not contain any motion filed by either of the parties regarding amendment of the judgments, any form of notice filed by the trial court prior to the entry of these amended judgments, any transcript of a hearing relating to the amendment of the judgments, or any order reflecting the trial court's findings with regard to the amendment of the judgments. The amended judgment forms were signed by the trial court and the assistant district attorney but not by Defendant or defense counsel. While Tennessee Rule of Criminal Procedure 36 requires the trial court to give "any notice it considers appropriate" prior to the entry of amended judgments, due to these appellate proceedings, Defendant now has actual notice of the trial court's attempt to amend the judgments.

A judgment of conviction becomes final thirty days after its entry unless a timely notice of appeal or post-trial motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Once a judgment becomes final, a trial court loses jurisdiction to amend it except under certain circumstances. *Id.* (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)); *see* Tenn. R. Crim. P. 35 (motion for reduction of sentence), 36 (correction of clerical errors), 36.1 (correction of illegal sentences). Erroneous judgments that do not fall into the category of either clerical errors or illegal sentences may be addressed only on direct appeal. *See generally Cantrell v. Easterling*, 346 S.W.3d 445, 449-453 (Tenn. 2011) (distinguishing clerical errors, appealable errors, and fatal errors).

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). "To determine whether the judgment contains a clerical error, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements," which is controlling. *Id.* As this Court has previously explained:

> "[T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final."

*State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995)), *no perm. app. filed*.

In this case, the trial court entered amended judgments "to reflect the correct jail credit." Whenever a defendant receives a sentence of imprisonment,

> the trial court shall . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention . . . or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served

> in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c). The awarding of pretrial jail credits is mandatory. *See Brown*, 479 S.W.3d at 212. However, the statute does not address how pretrial jail credit should be applied to multiple convictions stemming from the same period of confinement. *See Dericko Jackson v. Michael Donahue, Warden*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at *4 (Tenn. Crim. App. May 30, 2014), *perm. app. denied* (Tenn. Oct. 15, 2014). This Court has held that when the trial court orders concurrent alignment of the sentences, the award of pretrial jail credits should be included on each judgment to provide the full benefit of the credits against the aggregate sentence. *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) ("To allow pretrial jail credit in only one case would contravene the concurrent sentences and effectively require [the defendant] to serve a longer sentence on the second charge."). On the other hand, several unpublished opinions have held that a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence. *See, e.g.*, *Timothy L. Dulworth v. Henry Steward, Warden*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012) (citing *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, 2006, WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006), *no perm. app. filed*; *State v. Darrell Phillips*, No. W2005-00154-CCA-R3-CD, 2005 WL 3447706, at *1 n.1 (Tenn. Crim. App. Dec. 16, 2005), *perm. app. denied* (Tenn. May 1, 2006); *Hobert Dean Davis*, 2002 WL 340597, at *3), *no perm. app. filed*. "The effect of consecutive awards of the full amount of pretrial jail credit would be to double the credit." *Id.* (citing *State v. Joyce Elizabeth Cleveland*, No. M2005-02783-CCA-R3-CD, 2006 WL 2682821, at *2 (Tenn. Crim. App. Sept. 14, 2006), *no perm. app. filed*). "'An inmate may not "double-dip" for credits from a period of continuous confinement.'" *Id.* (quoting *Marvin Rainer*, 2006 WL 156990, at *5). However, the erroneous awarding of pretrial jail credit on consecutive sentences does not render the sentences illegal under habeas corpus or Tennessee Rule of Criminal Procedure 36.1. *See Dericko Jackson*, 2014 WL 2547764, at *5 (concluding that duplicitous pretrial jail credit was not in direct contravention of a statute and, therefore, not "illegal" as that term has been defined). Therefore, the only means by which a trial court may correct the erroneous award of duplicate pretrial jail credit on consecutive sentences after the judgments have become final is if such an award was a clerical error while transcribing the sentence on the judgment form. *See Dericko Jackson*, 2014 WL 2547764, at *5 ("If a judgment is final and is not illegal, and does not contain a 'clerical error,' it must be followed as it is written."); *State v. Steve A. White*, No. W2003-01947-CCA-R3-CD, 2004 WL 2381731, at *3 (Tenn. Crim. App. Oct. 25, 2004) ("[W]hile a sentence in direct contravention of a statute is illegal and void, a final judgment which, although incorrect, is in conformity with an applicable statute is not subject to amendment."), *no perm. app. filed*; *Hobert Dean Davis*, 2002 WL 340597, at *3 ("[T]he trial court does not have jurisdiction to correct a substantive error in a judgment . . . after it becomes final.").

In this case, the trial court clearly erred in effectively granting Defendant over sixteen years of credit on a twenty-year sentence on the March 2016 judgment forms. From our review of the November 17, 2015 plea submission hearing, it is clear that such was not the intent of either the trial court or the parties in entering this new plea agreement, and Defendant has pointed us to no evidence in the record that would indicate otherwise. In addition to the trial court's direct statement, and Defendant's agreement, that the credit would not be applied to each count, it makes no logical sense that the trial court would intentionally accept a plea agreement containing the exact same error which lead to Defendant's receiving post-conviction relief in the first place.[5] Because the triplicate award of pretrial jail credit was clearly a clerical error, the trial court maintained the authority to correct the mistake even after the judgments had become final.

However, upon our review of the record, it appears that the amended judgment form for Count One entered on December 7, 2016, still contains a clerical error. The judgment form awards pretrial jail credit from May 26, 2010, through January 9, 2012, with a note in the Special Conditions box which reads "The defendant was in TDOC custody from 1/9/2012 through 11/17/2015." However, both the plea agreement form and the transcript of the plea submission hearing clearly reflect that the parties agreed to and the trial court accepted an award of pretrial credit from May 26, 2010, through November 17, 2015. Because the trial court's oral statements are controlling, *see Brown*, 479 S.W.3d at 213, the judgment form for Count One should be amended pursuant to Rule 36 to reflect the correct dates for which pretrial jail credit was granted—May 26, 2010, through November 17, 2015. Thus, we reverse the trial court's judgment as to Count One and remand for the entry of a corrected judgment form.

*Conclusion*

The judgments of the trial court are affirmed in part, reversed in part, and remanded to the trial court for the entry of a corrected judgment in Count One.

_____
TIMOTHY L. EASTER, JUDGE

---

[5] We note that the trial judge who accepted the original 2012 plea and entered the respective judgment forms was the Honorable Leon Burns, Jr., while the trial judge that granted post-conviction relief, accepted the renegotiated November 2015 plea, and entered both the March and December 2016 judgment forms was the Honorable David A. Patterson.