IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 7, 2019 at Jackson

**DEANNA WHITMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Warren County**
**Nos. F-8907, F-8908, F-8909     Larry B. Stanley, Jr., Judge**

**No. M2018-01701-CCA-R3-CO**

The defendant, Deanna Whitman, appeals the denial of her motion, filed pursuant to Tennessee Rule of Criminal Procedure 36, to correct a clerical error in her judgments. Specifically, the defendant asserts that the judgments fail to adequately reflect the number of pretrial jail credits awarded by the trial court. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Deanna Whitman, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Lisa S. Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to a plea agreement with the State, the defendant pleaded guilty in case numbers F-8907, F-8908, and F-8909 to four counts of the sale of a Schedule II controlled substance in a drug-free school zone, and the trial court imposed a sentence of eight years for each conviction, with three of the convictions to be served concurrently to one another and the fourth to be served consecutively, for a total effective sentence of 16 years to be served at 100 percent release eligibility by operation of law. *See Deanna Whitman v. State*, No. M2005-01321-CCA-R3-PC, slip op. at 1, 2 (Tenn. Crim. App., Nashville, Mar. 3, 2006); T.C.A. § 39-17-432(b) (providing that a defendant sentenced for violating Code sections 39-17-417 and 39-17-432(b) "shall be required to serve at least the minimum sentence for such defendant's appropriate range of sentence. Any sentence reduction credits . . . shall not operate to permit or allow . . . release . . . prior to

full service of such minimum sentence"). The defendant did not appeal her convictions or sentence but mounted an unsuccessful bid for post-conviction relief. *See Deanna Whitman*, slip op. at 1, 4.

On July 5, 2011, the defendant moved the trial court pursuant to Code section 40-35-104 to grant alternative sentencing on the remainder of her sentence of "16 years at 100%." In a memorandum in support of her motion, the defendant stated that she had pleaded guilty to four counts of the sale of a Schedule II controlled substance in a drug-free school zone and that "[t]he first three convictions were to be served concurrently and the fourth conviction was to be served consecutive to the first three for a total effective sentence of sixteen (16) years." She acknowledged having testified at the evidentiary hearing on her failed petition for post-conviction relief that she was aware that she had pleaded guilty in exchange for a total effective sentence of 16 years' incarceration. She also acknowledged having signed the plea agreement "for a 16-year sentence for the Case Number(s): F-8907, F-8908, and F-8909." Noting that she had obtained her GED, cosmetology license, and had completed a number of self-improvement classes while incarcerated, the defendant asked the trial court to place her on some form of alternative sentencing for the balance of her sentence. Although no order disposing of this motion appears in the record, the State's response accurately pointed out that the trial court was without jurisdiction to provide the relief requested, and the record reflects that the defendant remained incarcerated in the Tennessee Department of Correction.

On September 3, 2013, the defendant moved the trial court "for a clarification and correction" of the judgments entered in her case to reflect a total effective sentence of 8 years for her convictions in case numbers F-8907, F-8908, and F-8909. Citing the plea agreement documents signed by her on the day of the plea, she claimed that the agreement provided for concurrent service of all four of the eight-year sentences imposed in case numbers F-8907, F-8908, and F-8909. The defendant filed a motion to correct a clerical error in the judgments on February 6, 2015, making an identical argument. The defendant appended to her motion copies of the plea documents, which documents reflected the defendant's pleas of guilty to the sale of methamphetamine in a school zone, the eight-year sentence imposed for each conviction, and *concurrent* alignment of all the sentences in case numbers F-8907, F-8908, and F-8909. The plea documents were signed by the defendant, her attorney, the prosecutor, and the trial judge. The defendant also appended to her motion the judgment documents filed pursuant to the agreement. The judgment documents for case number F-8909 indicate that the eight-year sentences imposed in that case are to be served consecutively to one another and to the violation of probation sentence in case number F-8193 and concurrently with the total effective eight-year sentence imposed in case numbers F-8907

-2-

and F-8908. The trial court entered an order denying the motion "[a]fter review of the ent[i]r[e] record as a whole" on March 17, 2015.

On August 31, 2018, the defendant again moved the trial court to correct a clerical error in the judgments, claiming that the conviction judgments failed to accurately reflect the award of pretrial jail credits in her case. The petitioner asserted that she was entitled to 372 pretrial jail credits for the period between her arrest on September 20, 2001, and her September 27, 2002 guilty pleas. The trial court denied the defendant's motion on September 5, 2018, and this timely appeal followed.

In this appeal, the defendant asserts that the trial court erred by denying her motion to correct the clerical error in her judgment forms occasioned by the failure to accurately reflect the amount of pretrial jail credits awarded by the trial court. The State asserts that the trial court did not err because the judgment forms are accurate.

Tennessee Rule of Criminal Procedure 36 provides that the trial court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citation omitted). "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements. When there is a conflict between the judgment and the transcript of the trial court's statements, the transcript controls." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citations omitted).

As the State correctly observes, the judgment forms indicate, and the defendant concedes, that the defendant was ordered to serve one of the eight-year sentences imposed for her guilty-pleaded drug convictions consecutively to the other three and to the three-year sentence imposed for her violation of the three-year probationary sentence imposed in case number F-8193. The judgment form for count 1 of case number F-8909 provides in the Special Conditions box that the defendant "shall receive any jail credit after violation of probation is served," but no specific number of credits is provided. Although the defendant asserts that she served 372 days before entering her guilty pleas, she failed to produce any documentation in support of her claim and likewise failed to indicate the number of days, if any, of pretrial jail credit that remained to be applied to the 16-year sentence after she finished serving the three-year sentence imposed for her probation violation.[1]

---

[1] We note that the Tennessee Offender Management Information System ("TOMIS") reports attached to the defendant's pleadings are documents generated by the Department of Correction and, in consequence, are insufficient to support the defendant's claims.

Additionally, because the defendant's sentences are to be served consecutively, she is not entitled to the same award of credits on each judgment of conviction. *See, e.g., Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC (Tenn. Crim. App., Jackson, Jan. 20, 2006) ("A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence."); *see also, e.g., Elijah Truitt v. State*, No. M2013-01848-CCA-R3-HC (Tenn. Crim. App., Nashville, Apr. 10, 2014); *Timothy L. Dulworth v. Henry Steward*, No. W2012-00314-CCA-R3-HC (Tenn. Crim. App., Jackson, July 9, 2012). Only when the trial court orders concurrent alignment of the sentences should the trial court include the award of pretrial jail credits on each judgment in order to provide the full benefit of the credits against the aggregate sentence. *See, e.g., State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997).

Because the defendant failed to support her claim of clerical error with sufficient documentation from the record and because the defendant is not entitled to an award of pretrial jail credit toward all of the sentences imposed in this case, the trial court did not err by denying the defendant's motion to correct. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE