IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 8, 2020

**STATE OF TENNESSEE v. ANDRE CABRERE**

**Appeal from the Criminal Court for Shelby County**
**No. 13-02319        John Wheeler Campbell, Judge**

_____

**No. W2019-02093-CCA-R3-CD**

_____

The defendant, Andre Cabrere, appeals the trial court's entry of corrected judgment forms removing pretrial jail credits from two of the defendant's consecutive sentences without providing the defendant notice prior to doing the same. The defendant claims the pretrial credits were part of his negotiated plea agreement. However, based on our review of the record and the briefs of the parties, it is unclear whether the awarding of pretrial credits was part of the defendant's negotiated plea or a clerical error such that the trial court had the authority to amend the judgments under Tennessee Rule of Criminal Procedure 36. Accordingly, we reverse the judgments of the trial court and remand the case to allow the defendant the opportunity to respond and present proof of his claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Andre Cabrere, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

In May 2013, a Shelby County grand jury indicted the defendant for attempted second-degree murder (Count 1), aggravated assault (Count 2), carjacking (Count 4),

evading arrest in a motor vehicle (Count 6), and two counts of employing a firearm during the commission of a dangerous felony, to wit: attempted second-degree murder and carjacking (Counts 3 and 5).

On October 17, 2013, the defendant pled guilty to attempted second-degree murder, carjacking, and two counts of employing a firearm during the commission of a dangerous felony. Per the plea agreement, the defendant agreed to sentences of eight years for attempted second-degree murder and carjacking and three years for each count of employing a firearm during the commission of a dangerous felony. The written plea agreement was silent as to consecutive and concurrent terms as well as pretrial jail credits. However, according to the judgment forms entered the day of the defendant's plea, the trial court ordered the defendant's two eight-year sentences (Counts 1 and 4) to be served concurrently to one another and his two three-year sentences (Counts 3 and 5) to be served concurrently to one another. The defendant's three-year sentences were then ordered to be served consecutive to his eight-year sentences for a total effective sentence of eleven years. The judgment forms also note the defendant was awarded pretrial jail credit from October 30, 2012 through October 17, 2013 (353 days), on each of his four sentences.

On September 19, 2019, citing *Fredrick Sledge v. Tennessee Department of Correction, et al.*, No. M2014-02564-COA-R3-CV, 2015 WL 7428578 (Tenn. Ct. App. Nov. 20, 2015), *no perm. app. filed*, the trial court, without notice to the defendant, amended the judgments in Counts 3 and 5 by removing the awarded pretrial jail credits to those sentences.

On November 18, 2019, the defendant filed with this Court a document entitled "Appellate Brief Re: Objection to Amended Judgment Possession of Firearm, Counts 3 and 5, Case #1302319." While the record contains no document styled "Notice of Appeal" and the defendant's initial pleading in this Court was filed beyond the 30-day time limit for filing a notice of appeal, the defendant's initial pleading is sufficient to constitute a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3(f), and this Court can, and does, waive the timeliness requirement in the interest of justice pursuant to Tennessee Rule of Appellate Procedure 4(a).

*Analysis*

On appeal, the defendant contends the trial court erred in amending his judgments in Counts 3 and 5 by removing his pretrial jail credits. He argues that the awarding of pretrial jail credits to all of his sentences was part of his negotiated plea agreement and that duplicative jail credit is not "illegal"; therefore, this was not a clerical error allowing the trial court jurisdiction to amend the judgements. The State argues the defendant failed to provide any proof supporting his claim that jail credits were part of his negotiated

- 2 -

agreement, and therefore, the trial court properly corrected the erroneous awarding of duplicative credits. Though the record, as currently constructed, does not provide proof concerning the terms of the defendant's plea agreement, i.e., the transcript from the defendant's plea and sentencing hearing, such is the case because the trial court amended the defendant's judgments without notice to the defendant and without providing the defendant the opportunity to make a record. Because the erroneous awarding of pretrial jail credit on consecutive sentences does not render the sentences illegal under habeas corpus or Tennessee Rule of Criminal Procedure 36.1, we reverse the judgments of the trial court and remand the matter in order to allow the trial court the opportunity to make a record regarding the basis of its decision to remove the pretrial jail credits and to allow the defendant, after receiving notice, the opportunity to dispute whether the award of pretrial jail credits was a clerical error on the original judgment.

A judgment of conviction becomes final thirty days after its entry unless a timely notice of appeal or post-trial motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Once a judgment becomes final, a trial court loses jurisdiction to amend it except under certain circumstances. *Id*. (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)); *see* Tenn. R. Crim. P. 35 (motion for reduction of sentence), 36 (correction of clerical errors), 36.1 (correction of illegal sentences). Erroneous judgments that do not fall into the category of either clerical errors or illegal sentences may be addressed only on direct appeal. *See generally Cantrell v. Easterling*, 346 S.W.3d 445, 449-453 (Tenn. 2011) (distinguishing clerical errors, appealable errors, and fatal errors).

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). "To determine whether the judgment contains a clerical error, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements," which is controlling. *Id*. As this Court has previously explained:

> "[T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final."

*State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (quoting *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995), *no perm. app. filed*.).

> Whenever a defendant receives a sentence of imprisonment,
>
> the trial court shall . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention . . . or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c). The awarding of pretrial jail credits is mandatory. *See Brown*, 479 S.W.3d at 212. However, the statute does not address how pretrial jail credit should be applied to multiple convictions stemming from the same period of confinement. *See Dericko Jackson v. Michael Donahue, Warden*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at *4 (Tenn. Crim. App. May 30, 2014), *perm. app. denied* (Tenn. Oct. 15, 2014). This Court has held that when the trial court orders concurrent alignment of the sentences, the award of pretrial jail credits should be included on each judgment to provide the full benefit of the credits against the aggregate sentence. *State v. Henry*, 946 S.W.2d 833, 835 (Tenn. Crim. App. 1997) ("To allow pretrial jail credit in only one case would contravene the concurrent sentences and effectively require [the defendant] to serve a longer sentence on the second charge."). On the other hand, several unpublished opinions have held that a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence. *See, e.g.*, *Timothy L. Dulworth v. Henry Steward, Warden*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012) (citing *Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006), *no perm. app. filed*; *State v. Darrell Phillips*, No. W2005-00154-CCA-R3-CD, 2005 WL 3447706, at *1 n.1 (Tenn. Crim. App. Dec. 16, 2005), *perm. app. denied* (Tenn. May 1, 2006); *Hobert Dean Davis*, 2002 WL 340597, at *3), *no perm. app. filed*. "The effect of consecutive awards of the full amount of pretrial jail credit would be to double the credit." *Id.* (citing *State v. Joyce Elizabeth Cleveland*, No. M2005-02783-CCA-R3-CD, 2006 WL 2682821, at *2 (Tenn. Crim. App. Sept. 14, 2006), *no perm. app. filed* ). "'An inmate may not "double-dip" for credits from a period of continuous confinement.'" *Id.* (quoting *Marvin Rainer*, 2006 WL 156990, at *5). However, the erroneous awarding of pretrial jail credit on consecutive sentences does not render the sentences illegal under habeas corpus or Tennessee Rule of Criminal Procedure 36.1. *See Dericko Jackson*, 2014 WL 2547764, at *5 (concluding that

duplicitous pretrial jail credit was not in direct contravention of a statute and, therefore, not "illegal" as that term has been defined). Therefore, the only means by which a trial court may correct the erroneous award of duplicate pretrial jail credit on consecutive sentences after the judgments have become final is if such an award was a clerical error while transcribing the sentence on the judgment form. *Id.* ("If a judgment is final and is not illegal, and does not contain a 'clerical error,' it must be followed as it is written."); *State v. Steve A. White*, No. W2003-01947-CCA-R3-CD, 2004 WL 2381731, at *3 (Tenn. Crim. App. Oct. 25, 2004) ("[W]hile a sentence in direct contravention of a statute is illegal and void, a final judgment which, although incorrect, is in conformity with an applicable statute is not subject to amendment."), *no perm. app. filed*; *Hobert Dean Davis*, 2002 WL 340597, at *3 ("[T]he trial court does not have jurisdiction to correct a substantive error in a judgment . . . after it becomes final.").

Unfortunately, in the instant matter, the record is silent as to whether or not the awarding of pretrial credits to each of the defendant's sentences was part of the negotiated plea agreement or just a clerical error made when transcribing the defendant's sentences on the judgment forms. The record does not contain a transcript of the defendant's guilty plea or sentencing hearing. And, despite the State's claim that the lack of a sufficient record is the fault of the defendant, we note the trial court amended the defendant's judgments without notice to the defendant which, in turn, precluded the defendant from responding or attempting to provide proof in support of his claim that the pretrial credits on each of his sentences was a condition of his plea agreement. Further, the corrected judgments fail to explain the basis for removing the defendant's pretrial credits in Counts 3 and 5. While the trial court references *Fredrick Sledge v. Tennessee Department of Correction, et al.*, No. M2014-02564-COA-R3-CV, 2015 WL 7428578 (Tenn. Ct. App. Nov. 20, 2015), the trial court's notation fails to address the basis for the amendment. *Sledge* does not stand for the proposition that a trial court can amend a judgment and remove pretrial credits in every case. Rather, in *Sledge*, the Court of Appeals determined the Tennessee Department of Correction could not alter or amend the judgment of a trial court even if the judgment wrongfully awarded pretrial jail credits. *Fredrick Sledge*, 2015 WL 7428578, at *4.

Again, this Court has held that a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on the first sentence. *See Timothy L. Dulworth¸* 2012 WL 2742210, at *2. However, the erroneous awarding of pretrial jail credit on consecutive sentences does not render the sentences illegal under habeas corpus or Tennessee Rule of Criminal Procedure 36.1. *See Dericko Jackson*, 2014 WL 2547764, at *5 (concluding that duplicitous pretrial jail credit was not in direct contravention of a statute and, therefore, not "illegal" as that term has been defined). Therefore, the only means by which a trial court may correct the erroneous award of duplicate pretrial jail credit on consecutive sentences after the judgments have become final is if such an award was a clerical error while

transcribing the sentence on the judgment form. *Id.* ("If a judgment is final and is not illegal, and does not contain a 'clerical error,' it must be followed as it is written."); *State v. Steve A. White*, No. W2003-01947-CCA-R3-CD, 2004 WL 2381731, at *3 (Tenn. Crim. App. Oct. 25, 2004) ("[W]hile a sentence in direct contravention of a statute is illegal and void, a final judgment which, although incorrect, is in conformity with an applicable statute is not subject to amendment."), *no perm. app. filed*; *Hobert Dean Davis*, 2002 WL 340597, at *3 ("[T]he trial court does not have jurisdiction to correct a substantive error in a judgment . . . after it becomes final.").

Based on the record before us, we cannot determine whether or not the defendant was awarded pretrial jail credits as a part of his negotiated plea agreement or as the result of a clerical error in transcribing the defendant's sentence on the judgment forms. Accordingly, we reverse the judgments of the trial court and remand the matter in order to allow the trial court the opportunity to make a record regarding the basis of its decision to remove the pretrial jail credits and to allow the defendant, after receiving notice, the opportunity to dispute whether the award of pretrial jail credits was a clerical error on the original judgment.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we reverse the the judgments of the trial court and remand the matter for a hearing consistent with this opinion.

_____
J. ROSS DYER, JUDGE